359 So.2d 637 (1978)
Benton J. GUIDRY, as Administrator of the Estate of his minor son, David W. Guidry
v.
AETNA CASUALTY AND SURETY COMPANY.
No. 11863.
Court of Appeal of Louisiana, First Circuit.
May 1, 1978.
Rehearing Denied June 12, 1978.
Howard P. Elliott, Jr., Wade N. Kelly, Baton Rouge, of counsel for plaintiff-appellant Benton J. Guidry, as administrator of the estate of his minor son, David W. Guidry.
William A. Norfolk, Baton Rouge, of counsel for defendant-appellee Aetna Cas. and Surety Co.
*638 Before BLANCHE, COVINGTON and CHIASSON, JJ.
CHIASSON, Judge.
David W. Guidry, minor son of plaintiff, Benton J. Guidry, lost the sight in his left eye as a result of an accident which occurred during the course and scope of his employment with Charles Dickey, d/b/a Charlies Po-Boys. Plaintiff filed suit in tort directly against Dickey's liability insurer, the defendant, Aetna Casualty and Surety Company, alleging that his son was injured as a result of a sharp and pointed knife being placed outwards on a shelf at eye-level by Charles Dickey. Aetna filed an exception of no cause of action on the basis that plaintiff's exclusive remedy was in workmen's compensation. The exception was sustained by the trial court and plaintiff filed this appeal. We affirm.
Plaintiff sets forth the following errors:
"1. The trial court erred in dismissing plaintiff's suit on a peremptory exception when plaintiff's petition stated a cause of action under the very language of a proviso to the immunity granted by LSA-R.S. 23:1032.
"2. The trial court erred in dismissing plaintiff's suit by allowing the insurer of the tortfeasor to assert the immunity granted by LSA-R.S. 23:1032 when this immunity was granted only to the employer under the language of the statute, is personal to the employer, and should not inure to the benefit of the insurer.
"3. The trial court erred in finding that the immunity granted by LSA-R.S. 23:1032 was constitutional when no greater workmen's compensation benefits were given in exchange for enlarging the scope of tort immunity."
Plaintiff first contends that his petition sets forth a cause of action because it states that the act of Charles Dickey in placing the knife outwards on a shelf at eye-level was intentional, and that under the provisions of La.R.S. 23:1032 an employer is liable for the intentional injury of his employees.
Plaintiff's petition, in part, recites:
"On or about May 12, 1977, David W. Guidry was working as a cook at Charlies Po-Boys, standing at a counter preparing food.
"As petitioner's minor was working, Charles Dickey picked up a butcher knife from the shelf on which knives were kept to sharpen it, and then placed the knife on a bread rack, with the blade extended outward over the edge of the shelf of the bread rack, and immediately to the right of David Guidry.
"As David Guidry was working, he turned to his right and was stabbed in the left eye by the blade of the knife, totally blinding that eye.
"The proximate cause of David Guidry's injury was the act of Charles Dickey in the following respects:
a) In deliberately placing an extremely sharp knife at eye level, directly beside petitioner's minor, and in deliberately exposing the minor to the risk of severe and permanent injury.
b) In acting beyond the `normal' course and scope of his employment as manager and owner of Charlies Po-Boys in sharpening a knife and placing it in what he knew to be a highly dangerous position, and which he knew would expose petitioner's son to a hazard of severe injury."
To constitute the requisite intent to result in civil liability, the defendant must have entertained a desire to bring about the result which followed and he should have believed that the result was substantially certain to follow. See: Monk v. Veillon, 312 So.2d 377 (La.App. 3rd Cir. 1975); Prosser, Law of Torts, (West, 1971) pp. 31-32. Although the statute does not affect an employer's tort liability for his intentional acts, plaintiff's petition fails to state a cause of action for the reason that it does not allege that the acts of Charles Dickey were done with the requisite intent to cause injury to plaintiff.
*639 With respect to the second assignment of errors plaintiff contends that under the holding of Edwards v. Royal Indemnity Co., 182 La. 171, 161 So. 191 (1935), the employer's immunity from suit for his negligent acts under La.R.S. 23:1032 is personal to the employer and, as such, is unavailable as a defense to the employer's liability insurer where the insurer has been sued pursuant to La.R.S. 22:655, the Louisiana direct action statute.
La.R.S. 23:1032, as amended by Act No. 147, § 1 of 1976, currently provides:
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
"Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
"The immunity from civil liability provided by this Section shall not extend to: (1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and (2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section."
In Edwards v. Royal Indemnity Co., supra, the Supreme Court held that the husband's immunity from suit by his wife was personal to the husband and could not be asserted by his insurer. As examples of defenses which were considered to be purely personal ones, the court cited the following: minority, interdiction, coverture, or that it is contrary to the articles of the Civil Code for a minor to sue his father for damages, or a wife to sue her husband in tort. In conclusion the court stated:
"It is, therefore, our opinion that the Legislature intended to give the insurer the right to plead defenses which it could urge against the insured, but not defenses which are purely personal between the insured and the claimant and in no way growing out of, or connected with, the accident or policy."
Subsequently, in the case of Dandridge v. Fidelity & Casualty Co., 192 So. 887 (La. App. 2nd Cir. 1939), as in the instant case, the issue arose as to whether, in light of the Edwards decision, the employer's immunity from tort actions against him by an injured employee was a defense which was also personal to the employer and unavailable as a defense to the employer's liability insurer. The court held that the defense was non-personal and, therefore, that it did inure to the benefit of the liability insurer. In support of its conclusion the court quoted the following language from Ruiz v. Clancy, 182 La. 935, 162 So. 734 (1935):
"The decision in Edwards v. Royal Indemnity Co. merely recognizes a distinction between a case where there is no cause of action against the insured, and hence no cause of action against the insurer, and a case where there is no right of action against the insured because of a relative incapacity of the injured party to sue the insured, or a relative immunity of the insured against being sued by the injured party, . . ."
Continuing, the court in Dandridge stated:
"In the case at bar plaintiff's claim against the United Gas Company is not well founded in law, for the reason the law provides that her sole and exclusive right is to claim compensation. There is no relative incapacity of the plaintiff to *640 sue the insured, United Gas Company, and there is no relative immunity of the insured against being sued by plaintiff. The law only defines the kind of suit she may bring against the insured, the same as it defines the kind of action that can be brought under any other given state of facts.
"In Act No. 55 of 1930, the insurer and the insured are referred to as being liable in solido if the insured becomes liable for a claim for damages, but, in such case, the insurer is like the principal debtor, and if the claim against the insured is not well founded in law, the insurer is not liable. . . ."
We are in accord with the interpretation of Edwards as expressed in the Ruiz and Dandridge cases. The examples given by the court in Edwards, as well as in the instances of the doctrines of charitable immunity and governmental immunity, when those doctrines were viable, are examples of instances wherein a procedural bar is erected against the assertion of a cause of action by certain parties against certain other parties. These personal defenses do not eliminate the underlying cause of action.
In the instant case the underlying cause of action is the employee's action for his injuries. Under the provisions of La.R.S. 23:1032, his cause of action in tort as against his employer is eliminated. As stated in Dandridge, supra, the law only defines the kind of action that can be brought against the insured. The statute does not erect any procedural bar to a suit by the employee against his employer, but it does limit the employee's cause of action solely to one for compensation. Since a tort claim against his employer would not be well founded in law, plaintiff's tort claim against his employer's liability insurer is likewise not well founded in law.
For these reasons we hold that the employer's defense of immunity from tort suit is not a personal one under the provisions of La.R.S. 23:1032 and therefore it is available as a defense to his liability insurer.
Plaintiff's third and last argument concerns the constitutionality of La.R.S. 23:1032. It is contended that the statute, by reason of the 1976 amendment, unconstitutionally denies him an adequate remedy by due process of law for the reason that while the amendment expands the immunity from suit to executive officers, co-employees, directors and stockholders, in addition to those previously immune, it does not grant the employee anything in return for this deprivation.
Since plaintiff's action is based upon the alleged negligence of his employer, extension of the immunity to executive officers, etc., has no affect on the adequacy of plaintiff's remedy as against his employer's liability insurer. Further, the exclusiveness of an employee's remedy as against his employer has previously been held to be a constitutionally adequate remedy. Day v. Louisiana Central Lumber Co., 144 La. 820, 81 So. 328 (1919). Plaintiff's third contention is therefore without merit.
For the reasons set forth herein we hold that the judgment of the trial court in favor of the defendant, Aetna Casualty and Surety Company, and against the plaintiff, Benton J. Guidry, sustaining the defendant's exception of no cause of action is correct.
Costs are assessed against the plaintiff-appellant, Benton J. Guidry.
AFFIRMED.