373 So.2d 207 (1979)
Henry JOHNSON
v.
Joseph NARCISSE and Wall Shipyard.
No. 10320.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1979.
Rehearing Denied August 10, 1979.
*208 Pete Lewis, LaBorde & Lewis, New Orleans, for plaintiff/appellant.
Deutsch, Kerrigan & Stiles, Frederick R. Bott and Fritz H. Windhorst, New Orleans, for defendants/appellees.
Before REDMANN, GULOTTA and STOULIG, JJ.
GULOTTA, Judge.
Plaintiff's executive officer suit was dismissed on an exception of no cause of action.
The allegations upon which plaintiff seeks to place tort liability on his employer, Wall Shipyards, and a shipyard foreman, Joseph Narcisse, are as follows:
"VI. This accident occurred as a result of the gross negligence and intentional act of assigning the plaintiff a place to work where there was no lighting. The petitioner's foreman, Joseph Narcisse, Wall Shipyards, and all other executive officers responsible for safety are jointly and severally liable for this act." (Underline ours.)
The remaining allegations of plaintiff's petition state that on July 11, 1977, while employed by Wall Shipyards as a painter, plaintiff was assigned to paint in the hold of a vessel being constructed at the shipyard; that shortly after plaintiff arrived in the darkened area he was struck in the left eye by a "U" bolt on a cable attached to the rudder shaft. Plaintiff further alleges that he was performing this work under the direction and supervision of the foreman employed by the shipyard.
Act 147 of the 1976 Louisiana Legislature, which amended LSA-R.S. 23:1032, limits an employee's remedy against his employer and its executive officers and fellow employees to workmen's compensation.[1] The Act further provides:
"... Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act ..." (Underline ours.) *209 The trial judge in well considered and well written reasons for judgment stated:

"REASONS FOR JUDGMENT
Plaintiff, Henry Johnson, brings this suit against his employer, Wall Shipyards, and a foreman or supervisor in the employ of Wall Shipyards, Joseph Narcisse, for damages incurred as a result of an accident which occurred on July 11, 1977.
Plaintiff alleges that he was injured when assigned to work in the hold of a vessel under construction where there was no lighting and where he was struck in the left eye by a `U' bolt on a cable attached to the rudder shaft and as a result of such accident he is totally blind in his left eye. Plaintiff further alleges that the accident occurred as a result of `the gross negligence and intentional act of assigning the plaintiff a place to work where there was no lighting.' Plaintiff sues for damages totalling $1,020,000.00.
Defendants excepted to plaintiff's petition on the grounds that he has no cause of action and no right of action against either of the defendants herein.
The right to compensation is the exclusive remedy of an injured employee as to his employer. Formerly an injured employee could sue a fellow worker, including executive officers, directors, as `third parties' responsible for any specific accident. This legal situation was changed with the enactment of Act No. 147 of 1976, which amended LSA-R.S. 23:1032. This provision of the revised statutes now provides that:
`The rights and remedies herein granted to an employee ... shall be exclusive of all other rights and remedies of such employee ... against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer...'
In short, the exclusivity of a remedy in workmen's compensation now covers damage claims against fellow employees, executive officers, directors, foremen, etc. This exclusive remedy denies plaintiff either a right or cause of action. Green v. Liberty Mutual Ins. Co., 352 So.2d 366 (La.App. 4th Cir., 1977), writ denied, 354 So.2d 210 (La.1978).
Plaintiff's petition alleges however that this suit is not covered by the exclusivity of LSA-R.S. 23:1032 in that the defendants are liable for an intentional tort. The second paragraph of that section provides that:
`Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.'
In discussing this problem, the court in Guidry v. Aetna Casualty and Surety Co., 359 So.2d 637 (La.App. 1st Cir., 1978), writ denied, 362 So.2d 578 (La.1978) stated that in order to constitute the requisite intent to result in civil liability, the defendant must have entertained a desire to bring about the result which followed and he should have believed that the result was substantially certain to follow. The court then held that although the statute (LSA-R.S. 23:1032) does not affect an employer's tort liability for his intentional acts, `Plaintiff's petition fails to state a cause of action for the reason that it does not allege that the acts of Charles Dickey (the fellow employee) were done with the requisite intent to cause injury to plaintiff.' Guidry, supra.
Therefore, it is the opinion of this Court that the plaintiff in the instant case does not state a cause of action."
We find, as did the trial judge, the language of our brothers on the First Circuit in the Guidry case, supra, persuasive. Applying Guidry to our case we conclude that plaintiff's allegations fail to state that the foreman desired or intended to bring about the result and that he should have believed that the result was substantially certain to follow. Plaintiff's petition simply fails to state that the executive officer committed an intentional act within the meaning of LSA-R.S. 23:1032.
Accordingly, the judgment is affirmed.
AFFIRMED.
NOTES
[1] R.S. 23:1032 reads as follows in pertinent part:

"1032. Exclusiveness of rights and remedies; employer's liability to prosecution under other laws.
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease ..."