378 So.2d 209 (1979)
Harold M. FRAZIER et al.
v.
CARL E. WOODWARD, INC., et al.
No. 10878.
Court of Appeal of Louisiana, Fourth Circuit.
December 6, 1979.
Brown & Reeks Associates, Warren G. Reeks, Jefferson, for plaintiff-appellant.
Steeg & O'Connor, Edwin O. Schlesinger, New Orleans, for defendants-appellees.
Before GULOTTA, BEER and GARRISON, JJ.
GARRISON, Judge.
Plaintiff appeals from the district court judgment granting defendant's motion for judgment on the pleadings and dismissing plaintiff's case.
On July, 31, 1978, plaintiff filed this action in tort seeking to recover for injuries sustained when the steel beam on which he was required to walk collapsed. Plaintiff's accident occurred while he was at the job site of his employer and while he was engaged in his duties as a steel worker. Defendants are the plaintiff's employer, the employer's insurer, and various executive officers.
Defendants filed an exception of no cause of action, alleging that plaintiff's exclusive remedy was in workman's compensation. The trial court granted defendants' motion, allowing plaintiff ten days in which to file an amended petition. On October 2, 1978 *210 the amended petition was filed. The amended petition reurged all previous allegations in tort. It additionally alleged that "Such wantonness and gross negligence amounts to intentional assault against plaintiffs by defendants, individually, jointly, and solidarily ..." and that "Such intentional injury of plaintiff by all defendants removes immunities and/or precludes all defendants from pleading and/or availing themselves of any and all immunities granted by the Louisiana Workman's Compensation Law ..." On April 19, 1978, defendants moved for a judgment on the pleadings which was rendered on June 5, 1978. From that judgment, plaintiff appeals.
Act 147 of 1976 clearly provides for an exclusive remedy in workman's compensation in the absence of an intentional tort. Additionally, it prohibits executive officer liability in the absence of an intentional act. Guidry v. Aetna Casualty & Surety Company, 359 So.2d 637 (La.App. 1st, 1978) writ denied, 362 So.2d 578 (1978). Plaintiff seeks to equate "wanton and gross negligence" with an intentional tort. This cannot be done. In Guidry, supra, the Supreme Court reiterated the requisite intent:
"To constitute the requisite intent to result in civil liability, the defendant must have entertained a desire to bring about the result which followed and he should have believed that the result was substantially certain to follow." (Citations omitted) At 638.
Our brothers on the First Circuit have considered a case almost squarely on point in Tobin v. Jacobson, 369 So.2d 1161 (La. App. 1st, 1979). In Tobin, supra, the plaintiff had alleged that the gross negligence of the defendant in creating or allowing certain working conditions constituted "intentional acts" within the scope and meaning of LSA-R.S. 23:1932. The First Circuit found:
"... the alleged fault and negligence of the defendants cannot be equated to an intentional act for the reason that, under the pleadings herein, there is no basis for concluding that the defendants actively desired to achieve the fatal accident or that decedent's fall through the unbarricaded and unguarded hole was substantially certain to follow their alleged omission ..." At 1163.
We conclude that the district court properly dismissed plaintiff's action.
Plaintiff also contends that the judgment of the trial court is invalid due to the inclusion of the language "by the amendment of R.S. 22:1032 and 1101." The meaning of the trial court is clearly ascertainable. To change the offending language would not be a prohibited change of substance. Indeed, the trial court could have corrected this error on its own initiative. C.C.P. Art. 1951. The Appellate Court may correct a clerical error. International Paper Co. v. Rivers, 35 So.2d 677 (La.App. 2nd, 1948).
Accordingly, we amend the judgment of the district court to read "LSA R.S. 23:1032 and 1101" and affirm as amended.
AFFIRMED.