380 So.2d 131 (1979)
Lana Hymel BOURGOYNE et al.
v.
CITY OF BATON ROUGE et al.
No. 12907.
Court of Appeal of Louisiana, First Circuit.
December 27, 1979.
George R. Covert, Baton Rouge, of counsel, for plaintiffs-appellants, Lana Hymel Bourgoyne, Indiv., etc.
Asst. Parish Atty., Frank J. Gremillion, Baton Rouge, of counsel, for defendants-appellees, City of Baton Rouge, et al.
Before ELLIS, CHIASSON and PONDER, JJ.
ELLIS, Judge.
This is a tort suit brought by Lana Himel Bourgoyne, individually and as natural tutrix of the minor Karl Kristopher Bourgoyne, for the wrongful death of her husband, Karl F. Bourgoyne. Defendants are *132 the City of Baton Rouge, Howard Kidder and Donald Chaney. Trial was held before a jury, but, after plaintiffs had rested their case, defendants moved for and were granted a directed verdict. From the judgment dismissing their suit, plaintiffs have appealed.
Karl F. Bourgoyne was employed as a police officer by the City of Baton Rouge. Howard Kidder was the Chief of Police of Baton Rouge and Donald Chaney was a major in the Baton Rouge Police Department and was Officer Bourgoyne's supervisor. Officer Bourgoyne was a motorcycle patrolman, and, at the time of the accident hereinafter discussed, was using a 1977 Harley Davidson motorcycle, designated as No. 71, which was admittedly not equipped with a siren.
On July 14, 1977, Officer Burgoyne was pursuing a speeding motorist on East Brookstown Drive in Baton Rouge. The emergency flashers on his motorcycle were operating. He attempted to pass two slower moving vehicles, and, as he did so, the vehicle in front began a left turn into a side street. Officer Bourgoyne struck the left rear of the vehicle and was thrown from his motorcycle. He subsequently died as a result of the injuries received.
It is conceded that the cause of action alleged herein falls within the purview of R.S. 23:1032, which provides, in part, as follows:
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
"Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act."
Plaintiffs argue that the provisions of R.S. 32:318A require that emergency vehicles be equipped with a siren, whistle or bell, and that defendants' failure to do so is an "intentional act" under R.S. 23:1032, supra.
We cannot agree. In Guidry v. Aetna Cas. & Sur. Co., 359 So.2d 637 (La.App. 1st Cir. 1978), writ den. La., 362 So.2d 578, we said:
"To constitute the requisite intent to result in civil liability, the defendant must have entertained a desire to bring about the result which followed and he should have believed that the result was substantially certain to follow."
There is no evidence in the record to indicate that either of those requirements have been met.
The judgment appealed from is affirmed, at plaintiffs' cost.
AFFIRMED.