387 So.2d 1288 (1980)
John Wayne ERWIN
v.
EXCELLO CORPORATION et al.
No. 13478.
Court of Appeal of Louisiana, First Circuit.
July 7, 1980.
Rehearing Denied September 4, 1980.
Robert W. Tillery, Ponchatoula, for plaintiff.
Eugene R. Groves, Baton Rouge, for defendants, Great Atlantic & Pacific Tea Co., Inc., Donald A. Novak, Dennis DesRoaches, James Broadway and Ideal Mut. Ins. Co.
Boris F. Navratil, Baton Rouge, for defendant Excello Corp.
Before COVINGTON, LOTTINGER and COLE, JJ.
COVINGTON, Judge.
This is a devolutive appeal by plaintiff-appellant, John Wayne Erwin, from a judgment in favor of defendants-appellees, The Great Atlantic and Pacific Tea Company, Donald A. Novak, Dennis DesRoaches [Des-Roches], James Broadway, and Ideal Mutual Insurance Company, dismissing the plaintiff's suit at his costs, as to the named defendants. We affirm.
The incident giving rise to the present litigation occurred on April 7, 1978, when the employee, in the course and scope of his employment with the Great Atlantic and Pacific Tea Company at its milk plant located in Kentwood, Louisiana, was severely injured when he was operating a machine known as a "Pure Pak" milk bottling machine, which was manufactured by Excello Corporation. The plaintiff injured his left hand when it became caught in the machine while he was trying to remove a milk carton which had lodged in the machine. The plaintiff sued Excello Corporation, the Great Atlantic and Pacific Tea Company and the three named individual defendants as executive officers of A & P. By amended petition, the plaintiff named Ideal Mutual Insurance Company, the insurer of A & P and the executive officers, as a party defendant. He also amended the petition so as to purportedly consider the previously alleged acts of the defendants as "intentional" acts as well as "negligent" acts. These defendants filed peremptory exceptions and a motion for summary judgment. *1289 Then, the plaintiff filed a second amended petition in an effort to allege "intentional acts," reading as follows:
"Defendant, The Great Atlantic and Pacific Tea Company has committed the following acts which are a proximate cause of Petitioner's accident. Said acts, when considered singularly or jointly, are to be considered as intentional acts.
"1. Defendant, The Great Atlantic and Pacific Tea Company, intentionally required Plaintiff to operate a dangerous machine in improper working order due to an intentional failure to repair and make operative a known defective safety cut-off switch on the doors opened by Petitioner, as he was trained, to remove improperly stacked cartons on the mandrils.
"2. Defendant, The Great Atlantic and Pacific Tea Company, intentionally required the Plaintiff to continue to operate the said machine after notice had been given by Petitioner to Defendant, The Great Atlantic and Pacific Tea Company, that the said machine would suddenly begin operating without being activated on the control panel, and the said Defendant made no effort to repair the machine after said notice also.
"3. The Defendant, The Great Atlantic and Pacific Tea Company, failed to properly train Plaintiff to remove milk cartons which had become jammed on the mandrils by use of a method provided by the manufacturer of the machine which instructed the operator to stop the machine and place the `Key Switch' on the console into `safe' position prior to opening the two grated doors on the face of the machine where the mandrils and heaters are located to remove jammed cartons.
"The `Pure Pak' machine has high-temperature heaters and large moving parts, and is extremely dangerous to an operator. Said above acts, in the context of their occurrence and in consideration of the dangerous characteristics of the machine, indicate and affirmatively show the Defendant, The Great Atlantic and Pacific Tea Company, entertained a desire to bring about the accident which occurred, and that such an accident was substantially certain to happen."
The plaintiff also amended his allegations concerning the executive officers, to read as follows:
"Defendants, Donald A. Novak, Dennis DesRoaches and James Broadway are strictly liable to Petitioner by reason of having committed the following acts which are a proximate cause of Petitioner's accident. Said acts, when considered singularly or jointly, are to be considered as intentional acts.
"a. Intentionally providing Petitioner with an unsafe place for employment in the following particulars:
"1. By intentionally allowing the said machine to be run with full knowledge the automatic cut-off switch located on the two grated doors was not in operating condition as a safety device, though installed.
"2. Intentionally refusing to attempt repair and correction of the defect in the machine which allowed the machine to suddenly begin operating without the re-set and start buttons being pushed by the operator, all after having been given the knowledge of the problems by Petitioner.
"b. Intentionally training Petitioner incorrectly to remove jammed cartons without placing the `Key Switch' on the console into the `safe' position.
"c. Intentionally relying for a method of training new operators by word-of-mouth, as opposed to use of the prescribed Operator's Manual.
"d. Any and all other acts of omission or commission, the nature of which will be shown at the trial of this matter."
Mr. Erwin then added a paragraph averring that the acts of the defendants were of such a reckless and wanton nature as to constitute "intentional acts" under LSA-R.S. 23:1032.
*1290 The matter came on to be heard on the motion for summary judgment, and, after considering the pleadings, depositions, interrogatories, answers to interrogatories, affidavits, memoranda and arguments of counsel, the trial judge rendered judgment in favor of the named defendants, maintaining the motion for summary judgment on the ground that there was no genuine issue of material fact and the law was in favor of the defendants, and dismissing the plaintiff's demand against these defendants at his costs. The plaintiff has devolutively appealed.
We find no merit in the appellant's contention that by merely alleging "intentional injury" as we have set out above, he has avoided the mandatory effect of LSA-R.S. 23:1032.[1] There is also no merit in appellant's contention that certain conduct of the A & P employees must be construed as satisfying the "intentional act" requirement of the statute. The record reflects that this was not an "intentional act" that caused the accident and resulting injury to the plaintiff. There is nothing to indicate that any of these defendants entertained a desire to bring about the result obtained, or could possibly have believed that the result was substantially certain to follow anything they did or did not do. No serious argument can be made that anyone employed by the A & P connected with this work or accident had any active desire that the accident with resulting injuries should happen. On the contrary, the affidavits of the plaintiff and his co-employee, John Jackson, and the depositions of the three executive officers positively show that none of these defendants entertained a desire to bring about the result here or that they believed the result was substantially certain to follow. See Nettles v. Bowlin, No. 13,122 on our docket; Johnson v. Narcisse, 373 So.2d 207 (La.App. 4 Cir. 1979); Guidry v. Aetna Casualty and Surety Company, 359 So.2d 637 (La.App. 1 Cir. 1978).
In our opinion, Nettles v. Bowlin, supra, is dispositive of the instant case.
Appellees filed the exception of no cause of action and no right of action in this court. In view of our disposition of the case, it is not necessary that we consider those pleadings.
For the foregoing reasons, the judgment appealed is affirmed at appellant's costs.
AFFIRMED.
LOTTINGER, J., dissents and assigns written reasons.
LOTTINGER, Judge, dissenting.
The determination of whether defendants entertained a desire to bring about the result which followed or should have believed that the result was substantially certain to follow, Guidry v. Aetna Casualty and Surety Company, 359 So.2d 637 (La.App. 1st Cir. 1978) and Monk v. Veillon, 312 So.2d 377 (La.App. 3rd Cir. 1975), presents an issue inappropriate for summary judgment. La. *1291 C.C.P. art. 966; Berger v. Fireman's Fund Insurance Company, 305 So.2d 724 (La.App. 4th Cir. 1974); Mecom v. Mobile Oil Corporation, 299 So.2d 380 (La.App. 3rd Cir. 1974).
Therefore, I respectfully dissent.
NOTES
[1] § 1032. Exclusiveness of rights and remedies; employer's liability to prosecution under other laws

The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.
Amended by Acts 1976, No. 147, § 1.