COLE, Judge.
This is a devolutive appeal by the plaintiff-appellant, ALLEN ARTHUR THORN-HILL,[1] from judgment granting summary judgment in favor of Mayes Brister, Larry W. Robinson, William Moroni, Clayton Grain Elevator, Inc., United States Fidelity & Guaranty Company, Gary Mitchell and Walter Beebe,[2] dismissing the plaintiff’s suit. We affirm.
The incident giving rise to the present litigation occurred on November 12, 1976, when Allen Arthur Thornhill, in the course and scope of his employment as a general manual laborer for Clayton Grain Elevator, Inc., was seriously injured when his left leg became entangled in a screwtype auger[3] which rotated in a trough below the grain bin which Thornhill was cleaning. As a result of the injury, Thornhill had to have his left leg amputated. At the time of his injury Thornhill was 16 years old and had been working for a period of six weeks on the job with Clayton Grain Elevator, Inc.
The grain storage facility where Thorn-hill worked consisted of two silos or bins both of which were served by a screwtype auger conveyor system for transporting stored grain outside. The conveyor system consisted of a trough recessed in the floors of the bins containing the auger and a cover. There were three access openings to the conveyor system equidistant from each other, one hatch being in the center of the bin and the other two about five feet from the sides. The access openings were controlled by handles located outside the bin. At the time of his unfortunate accident, Thornhill was cleaning grain hulls from the *1258 inside walls of the bin and sweeping them and any debris on the floor into the rotating auger through the access openings, all of which were in the open position. Thornhill had been instructed in the proper cleaning method and was aware of the dangerous nature of the machinery.
After the hearing on the motions for summary judgment, the trial court ruled the summary judgment was appropriate on the ground that workmen’s compensation benefits are the plaintiff’s exclusive remedy inasmuch as the conduct complained of was not “intentional” within the meaning of LSA-R.S. 23:1032, citing in support the cases of Guidry v. Aetna Casualty and Surety Company, 359 So.2d 637 (La.App. 1 Cir. 1978), writ denied, 362 So.2d 578 (La.1978), and McLaughlin v. Boykin, 127 So.2d 86 (La.App. 4th Cir. 1961).
The right to workmen’s compensation is the exclusive remedy of an injured employee as to his employer. LSA-R.S. 23:1032; Branch v. Aetna Casualty & Surety Company, 370 So.2d 1270 (La.App. 3 Cir. 1979), writ denied, 374 So.2d 660 (La.1979). By the enactment of Act No. 147 of 1976, amending LSA-R.S. 23:1032, the exclusivity of a remedy in workmen’s compensation now covers damage claims against fellow employees, executive officers, directors, stockholders, foremen, etc., unless the damage was caused by an intentional act.
It is the plaintiff’s position that this suit is not covered by the exclusivity of LSA-R.S. 23:1032, as amended, in that the defendants are liable for an intentional tort. The second paragraph of the provision reads:
“Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.”
In interpreting LSA-R.S. 23:1032, this Court in Guidry v. Aetna Casualty and Surety Company, supra, at page 638 said:
“To constitute the requisite intent to result in civil liability, the defendant must have entertained a desire to bring about the result which followed and he should have believed that the result was substantially certain to follow.”
There is no merit in the plaintiff’s contention that certain conduct of Clayton’s employees must be construed as satisfying the “intentional act” under the statute. The record reflects that this was not an “intentional act” that caused the accident and resulting injury to Thornhill. There is nothing in the record to indicate that any of these defendants entertained a desire to bring about the result obtained, or could possibly have believed that the result was substantially certain to follow anything they did or did not do. No serious argument can be made that any employee of Clayton connected with this work or accident had any active desire that the accident with resulting injuries should happen. On the contrary, the depositions of Gary Mitchell and Walter Beebe, the supervising employees, positively show that none of these defendants entertained a desire to bring about the result here or that they believed the result was substantially certain to follow. There is no plausible arrangement of the facts that would suggest that the harm in the instant case resulted from an intentional act within the meaning of the statute. Johnson v. Narcisse, 373 So.2d 207 (La.App. 4 Cir. 1979).
We do not agree with the rationale of the Court in Bazley v. Tortorich, 380 So.2d 727 (La.App. 4 Cir. 1980), that the foregoing interpretation of the statute extends “total immunity in tort” to the persons named in the statute, and is thus an unconstitutional interpretation of LSA-R.S. 23:1032, as amended by the 1976 act. The intentional act, as distinguished from the negligent act, has long been recognized as an established category of tort law. Restatement of Torts 2d, Section 8A; Prosser, Law of Torts (West 1964), p. 32.
The Restatement of Torts 2d, Section 8A defines “intent” as follows:
“The word ‘intent’ is used throughout the Restatement of this Subject to denote *1259 that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it.”
We believe that Guidry and Johnson, supra, correctly interpret the meaning of “intentional act” as contained in LSA-R.S. 23:1032, and we choose to adhere to those judicial decisions rather than the interpretation placed upon the statute by the Baz-ley Court.
Next, the plaintiff contends that by employing a minor as a general manual laborer at a grain elevator the defendants violated LSA-R.S. 23:151 et seq., commonly known as the Child Labor Law, and that such violation constituted actionable fault within the meaning of LSA-R.S. 23:1032. In effect, the plaintiff argues that civil liability is imposed upon the defendants for their violations of the Child Labor Law.
In support of this contention the plaintiff cites LSA-R.S. 23:161(1) as follows:
“Minors (except those indentured as apprentices in accordance with Chapter 4 of this Title) shall not be employed, permitted or suffered to work:
(1) in oiling, cleaning, or wiping machinery or shafting, or in applying belts to pulleys;”
The plaintiff was not involved in or hired to do any of the jobs described in the quoted provision. The record reveals that Thornhill’s duties were those of a general manual laborer. At the time of his injury the plaintiff was cleaning the walls and floor of the grain bin, which can not be classified as machinery or shafting. The plaintiff was not engaged in oiling, cleaning or wiping the auger assembly. He was not applying belts to pulleys. That type of work was not within the job specifications of a general manual laborer, and he was not performing such work. As described, the job the plaintiff was doing was a normal cleaning operation, by removing grain hulls and trash from the walls of the bin and then sweeping the hulls and residue into the open hatches for removal outside. Such a job is not proscribed by the Child Labor Law. The fact that his cleaning chores brought him in close proximity to the auger does not constitute a violation of the Child Labor Law. It is only the minor under 16 years of age who is not allowed to work about or around power-driven machinery. LSA-R.S. 23:163.
In view of our finding that the defendants did not violate the Child Labor Law, LSA-R.S. 23:151 et seq., it is unnecessary for us to decide whether a violation of the statute would constitute an intentional tort within the meaning of LSA-R.S. 23:1032 and the rationale of Boyer v. Johnson, 360 So.2d 1164 (La.1978).
It is also not necessary for us to rule upon the constitutionality of LSA-R.S. 23:1032, as amended by Act No. 147 of 1976, because the unconstitutionality of the statute was not pleaded in the court below. It is well established that a litigant who fails to plead the unconstitutionality of a statute in the trial court can not raise the constitutional issue in the appellate court. Johnson v. Welsh, 334 So.2d 395 (La.1976), and cases cited therein.
The granting of a motion for summary judgment requires a finding by the court that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. We think, as the trial judge obviously did, that the factual assertions in the instant case are undisputed, and support a conclusion that these defendants were guilty of no “intentional act” which could impose civil liability upon them and that they did not hire Thornhill in violation of the Child Labor Law. Thus, summary judgment was proper.
For the above reasons, the judgment of the trial court is affirmed. The appellant is cast for all costs of this appeal.
AFFIRMED.

. The suit was originally filed by the father of the minor, Robert T. Thornhill, but upon the minor reaching the age of majority, Allen Arthur Thornhill was substituted as party plaintiff. (R117)

. The defendants can be aligned into two groups: first, the employer and its officers and stockholders, consisting of Clayton Grain Elevator, Inc., and Mayes Brister, Larry W. Robinson and William Moroni (and their insurer); second, the two supervising employees of Clayton, Gary Mitchell and Walter Beebe.

.See Thornhill v. Black, Sivalis & Bryson, Inc., 385 So.2d 336 (La.App. 1st Cir. 1980) for the decision concerning the suit filed by the same plaintiffs against the manufacturer of the auger, Screw Conveyor Corporation.