397 So.2d 846 (1981)
Daniel McDONALD
v.
BOH BROS. CONSTRUCTION CO., INC., Murray Chatelain and Leonard Guillot.
No. 10954.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1981.
*847 Bienvenue, Foster, Ryan & O'Bannon, H. F. Foster, III, New Orleans, for defendants-appellees.
Marvin G. Grodsky, New Orleans, for plaintiff-appellant.
Before GULOTTA, GARRISON, and CHEHARDY, JJ.
GULOTTA, Judge.
This executive officer suit for injuries occurring on April 20, 1978 was dismissed on exceptions of no cause of action, no right of action and motion for summary judgment. Plaintiff appeals. We affirm.
Plaintiff's petition alleges he was injured in the course and scope of his employment when he fell after his foot caught in a slack cable on a crane boom from which he was descending in response to specific orders given him. He further alleged his accident was approximately caused by certain intentional acts of defendants, in particular the following:
"(a) Intentionally ordering petitioner to an inherently unsafe position requiring him to traverse a slanting, narrow boom without adequate walkway, suspended in the air, with slack cable line atop it;
(b) Intentionally authorizing and ordering work procedures (i. e., having the crane boom raised instead of lowered to the ground, or parallel to it, failing to provide ladder scaffold or other safe means for employees to get to the elevated work site, allowing slack cable to remain draped upon the already narrow and inadequate walkway) so hazardous as to constitute a dangerous trap for the employees under its supervision and with whose safety defendant was charged;
(c) Intentionally authorizing and ordering its employees onto a site of work for its employees which expose them to a great risk of harm;
(d) Intentionally failing to comport with standards of the industry, thereby creating hazardous working conditions."
In his written reasons for judgment, the trial judge stated the basis for his ruling was this Court's decision in Johnson v. Narcisse, 373 So.2d 207 (La.App.4th Cir. 1979). The Johnson case interpreted the words "intentional act", used in LSA-R.S. 23:1032 (as amended by Act 147 of 1976), to mean the defendant must have desired or intended to bring about the result and should have believed the result was substantially certain to follow.[1] Thus, where a petition fails to contain these allegations, a plaintiff has failed to state a cause of action for an intentional tort against his executive officers.
Plaintiff contends the phrase "intentional act" should be narrowly construed to mean that to be excepted from coverage by the Compensation Act, a defendant merely need have intended the act which led to plaintiff's *848 injury, whether or not defendant intended or desired the result and whether or not the result was foreseeable.
In Bazeley v. Tortorich, 397 So.2d 475 (La.1981), upholding the constitutionality of LSA-R.S. 23:1032, the Louisiana Supreme Court recently construed the phrase "intentional act" as used in the statute to mean that the defendant either desired to bring about the physical results of his act or believed that they were substantially certain to follow from what he did. The Bazley court squarely rejected the arguments that "intentional act" should be equated with "voluntary act" and that an injured employee may recover in tort on any voluntary act setting in motion events leading to the injury regardless of whether the harm appeared likely or was even apparent at all to the actor. Thus, in Bazley, the employee's petition did not state a cause of action in tort since it merely alleged that the accident was caused by a co-employee's intentional acts in operating a garbage truck and did not allege that the co-employee desired the consequences of his acts or believed that they were substantially certain to follow his acts.
Plaintiff's argument in our case is substantially the same as that rejected in Bazley. Applying that test to plaintiff's allegations, quoted above, it is clear the acts made the basis of this suit arose solely in the context of the employment relationship and were not intentional as defined in Bazley.
The petition here does not allege that defendants desired or intended the harm plaintiff suffered or believed the result was substantially certain to follow.
Although plaintiff's allegations are couched in terms of intent, such phraseology is merely conclusory. The substance of his allegations clearly depicts acts that, if proven, would be negligent. His petition does not allege "intentional acts" within the meaning of LSA-R.S. 23:1032. Furthermore, the acts alleged, if committed by an independent third party outside any employment relationship with plaintiff, would not constitute any breach of duty.
Accordingly, we conclude plaintiff has failed to state a cause of action in tort and his exclusive remedy against defendant lies in workman's compensation.
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.
CHEHARDY and GARRISON, JJ., concur and assign reasons.
CHEHARDY, Judge, concurring.
The Supreme Court in Bazley v. Tortorich, 397 So.2d 475 (La.1981) stated:
"* * * Several courts of appeal have stated the two prongs of the definition in the conjunctive, thus requiring a plaintiff to prove, in order to recover, that the defendant desired the physical results of his act in every case. Waldrop v. Vistron Corp., 391 So.2d 1274 (La.1980); McGuire v. Honeycutt, 387 So.2d 674 (La.App.3d Cir. 1980); Johnson v. Chicago Mill & Lumber Co., 385 So.2d 878 (La.App.2d Cir. 1980); Courtney v. BASF Wyandotte Corp., 385 So.2d 391 (La.App.1st Cir.) writ denied 386 So.2d 359 (La.1980); Bourgoyne v. City of Baton Rouge, 380 So.2d 131 (La.App.1st Cir. 1979), cert. denied 382 So.2d 164 (La.1980); Frazier v. Woodward, 378 So.2d 209 (La.App.4th Cir. 1979); Johnson v. Narcisse, 373 So.2d 207 (La.App.4th Cir. 1979); Tobin v. Jacobson, 369 So.2d 1161 (La.App.1st Cir. 1979); Guidry v. Aetna Casualty & Surety Company, 359 So.2d 637 (La.App.1st Cir.) writ denied, 362 So.2d 578 (La.1978). * * *"
The Court then goes on to state:
"* * * Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result. Restatement (Second) of Torts, § 8A, Comment; Prosser, supra, § 8."
It thus appears that earlier court of appeals' interpretation of the meaning of "intent" in LSA-R.S. 23:1032 as amended by *849 Act 147 of 1976 has either been overruled by the Supreme Court in Bazley, supra, or at any rate the meaning has been so broadened as to effectively do away with the earlier definition of the courts of appeal. In doing away with the earlier definition unless we include in the definition "should have known that the result would follow" there exists a distinction without a difference. Why? Under the Supreme Court definition in Bazley one must desire the result or know that the consequences are substantially certain to result. It is imperative that a responsibility be placed on the actor, not simply that he knows the result but that he should have known the result of his action. The "should have known" standard is preferable in that it is an objective standard. The desired or known result standard is subjective and thus the distinction without a difference. Accordingly, I interpret the broadened definition of "intentional" as set forth in Bazley to include the objective "should have known" standard. This thinking would be in line with the view expressed in W. Prosser, The Law of Torts, Ch. 2, § 8 (4th ed. 1971), at 31-32:
"Intent, however, is broader than a desire to bring about physical results. It must extend not only to those consequences which are desired, but also to those which the actor believes are substantially certain to follow from what he does. An anarchist who throws a bomb into the royal carriage may actually wish to kill no one but the king; but since he knows that the death of others in the carriage is a necessary and almost inevitable incident to that end, and nevertheless goes ahead with the deed, it must be said that he intends to kill them. The man who fires a bullet into a dense crowd may fervently pray that he will hit no one, but since he must believe and know that he cannot avoid doing so, he intends it. The practical application of this principle has meant that where a reasonable man in the defendant's position would believe that a particular result was substantially certain to follow, he will be dealt with by the jury, or even by the court, as though he had intended it. The driver who whips up his horses with a loud yell while passing a neighbor's team will not be credited when he denies that he intended to cause a runaway; and the defendant on a bicycle who rides down a man in full view on a sidewalk where there is ample room to pass may find the court unwilling to accept his statement that he did not mean to do it."
I concur in the result not because the allegations in plaintiff's petition do not comply with Johnson v. Narcisse, 373 So.2d 207 (La.App.4th Cir. 1979), but because the allegations do not satisfy the new definition of "intent" as laid down by Bazley v. Tortorich, supra.
GARRISON, J., concurs for the reasons assigned by CHEHARDY, J.
NOTES
[1] Act 147 of 1976 attempted to abolish executive officers suits by limiting an employee's remedy against his employer, executive officers and fellow employees to workman's compensation. In addition, however, the Act provided,

"Nothing in this Chapter shall affect the liability of the employer or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute, or the liability, civil or criminal, resulting from an intentional act." (Emphasis added.)