CHEHARDY, Judge,
concurring.
The Supreme Court in Bazley v. Tortorich, 397 So.2d 475, 482 (1981), stated:
“ * * * Several courts of appeal have stated the two prongs of the definition in the conjunctive, thus requiring a plaintiff to prove, in order to recover, that the defendant desired the physical results of his act in every case. Waldrop v. Vistron Corp., 391 So.2d 1274 (La.App.1980); McGuire v. Honeycutt, 387 So.2d 674 (La.App. 3d Cir. 1980); Johnson v. Chicago Mill & Lumber Co., 385 So.2d 878 (La.App. 2d Cir. 1980); Courtney v. BASF Wyandotte Corp., 385 So.2d 391 (La.App. 1st Cir.) writ denied 386 So.2d 359 (1980); Bourgoyne v. City of Baton Rouge, 380 So.2d 131 (La.App. 1st Cir. 1979), cert. denied 382 So.2d 164 (1980); Frazier v. Woodward, 378 So.2d 209 (La.App. 4th Cir. 1979); Johnson v. Narcisse, 373 So.2d 207 (La.App. 4th Cir. 1979); Tobin v. Jacobson, 369 So.2d 1161 (La.App. 1st Cir. 1979); Guidry v. Aetna Casualty & Surety Company, 359 So.2d 637 (La.App. 1st Cir.) writ denied, 362 So.2d 578 (1978). $ >(c $ ÍJ
The court then goes on to state:
“ * * * Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result. Restatement (Second) of Torts, § 8A, Comment; Prosser, supra, § 8.”
It thus appears that earlier courts of appeal’s interpretation of the meaning of “intent” in LSA-R.S. 23:1032 as amended by Act 147 of 1976 has either been overruled by the Supreme Court in Bazley, supra, or at any rate the meaning has been so broadened as to effectively do away with the earlier definition of the courts of appeal. In doing away with the earlier definition unless we include in the definition “should have known that the result would follow” there exists a distinction without a difference. Why? Under the Supreme Court definition in Bazley one must desire the result or know that the consequences are substantially certain to result. It is imperative that a responsibility be placed on the actor, not simply that he knows the result but that he should have known the result of his action. The “should have known” standard is preferable in that it is an objective standard. The desired or known result standard is subjective and thus the distinction without a difference. Accordingly, I interpret the broadened definition of “intentional” as set forth in Bazley to include *232 the objective “should have known” standard. This thinking would be in line with the view expressed in W. Prosser, The Law of Torts, Ch. 2, § 8 (4th ed. 1971), at 31-32:
“Intent, however, is broader than a desire to bring about physical results. It must extend not only to those consequences which are desired, but also to those which the actor believes are substantially certain to follow from what he does. An anarchist who throws a bomb into the royal carriage may actually wish to kill no one but the king; but since he knows that the death of others in the carriage is a necessary and almost inevitable incident to that end, and nevertheless goes ahead with the deed, it must be said that he intends to kill them. The man who fires a bullet into a dense crowd may fervently pray that he will hit no one, but since he must believe and know that he cannot avoid doing so, he intends it. The practical application of this principle has meant that where a reasonable man in the defendant’s position would believe that a particular result was substantially certain to follow, he will be dealt with by the jury, or even by the court as though he had intended it. The driver who whips up his horses with a loud yell while passing a neighbor’s team will not be credited when he denies that he intended to cause a runaway; and the defendant on a bicycle who rides down a man in full view on a sidewalk where there is ample room to pass may find the court unwilling to accept his statement that he did not mean to do it.”
I concur in the result because the allegations do not satisfy the new definition of “intent” as laid down by Bazley v. Tortorich, supra.