402 So.2d 273 (1981)
Bruce Edward MAYER and Dorothy Mae Mayer
v.
BLUE CROSS INSURANCE COMPANY, INC., United States Fidelity and Guaranty Company, Valentine Sugars, Inc., John Doe One Through John Doe One Hundred.
No. 11735.
Court of Appeal of Louisiana, Fourth Circuit.
July 21, 1981.
*274 Ernest Lee Caulfield, New Orleans, for plaintiffs-appellants.
Montgomery, Barnett, Brown & Read, Wood Brown, III, and Terry Freiberger, New Orleans, for defendants-appellees.
John L. Dorsey, New Orleans, amicus curiae.
Before SAMUEL, SCHOTT and GARRISON, JJ.
SAMUEL, Judge.
Plaintiffs, Bruce Edward Mayer and Dorothy Mae Mayer, filed this suit against defendants, Blue Cross Insurance Company, Inc.,[1] Valentine Sugars, Inc., United States Fidelity and Guaranty Company, Valentine Sugars' liability insurer, and various unnamed officers, shareholders, corporations, and other persons who may be liable to plaintiffs, to recover damages sustained by Bruce Edward Mayer in an explosion and fire which occurred on the premises of Valentine Sugars, his employer, on February 8, 1979. The petition alleges numerous acts of negligence and omission on behalf of defendants, asserts the explosion and fire were caused by the negligence of the defendant, Valentine Sugars, and further alleges the acts and omissions of defendant and its executive officers "were of such a nature as to meet any requirements of Louisiana law relative to an intentional tort."
Defendant, United States Fidelity, filed exceptions of no cause or right of action based on the argument that the sole remedy of an employee for injuries sustained during the course and scope of his employment and caused by the negligent acts of his employer is under the Louisiana Workmen's Compensation Statute, and that simply alleging this defendant's negligence was the equivalent of an intentional tort constituted a mere conclusion of fact in violation of the requirements of Louisiana fact pleading.
Prior to the hearing on the exceptions, plaintiffs amended their petition to allege defendant, Valentine Sugars, was in the business of manufacturing phenolic resin, which produces an excessive amount of highly volatile dust, a dust subject to explosion, that it knew of the accumulation of dust, but failed to clean or otherwise take proper measures to filter or dispose of the dust, and allowed the machinery in the plant to become worn to the extent it caused friction and sparks to ignite the volatile dust. These actions or omissions, according to the amendment, were known by the defendant to be forbidden by local, state, and federal safety regulations.
The trial judge maintained defendant's exception of no cause of action, and dismissed plaintiffs' suit. Plaintiffs have appealed.
Plaintiffs concede that under R.S. 23:1032 an employee's sole remedy against his employer for negligent injuries incurred by him in the course and scope of his employment is under the Louisiana Workmen's Compensation Statute.[2] However, they argue these defendants are liable to plaintiffs under that portion of R.S. 23:1032 which reads as follows:
"Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act." LSA-R.S. 23:1032.
*275 Plaintiffs' argument may be summarized as follows: Defendant Valentine Sugars' acts and omissions were so obvious and created such extreme hazards they surpassed mere gross negligence or willful and wanton behavior, and actually constituted intentional harm to the plaintiff.
Our jurisprudence on the meaning of the word "intentional" is sparse.[3] One case which attempted to specifically define the term is Rambin v. Wood,[4] in which the court adopted the definition contained in Restatement of Torts 2d., Section 8A: "... to denote that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it."
A similar explanation of an intentional tort was given in the case of Monk v. Veillon,[5] an assault and battery case in which a bouncer shot a bar patron. In Monk plaintiff sought to have the shooting found unintentional in order to bring the incident within coverage of an insurance policy. With regard to this argument, the court stated (at page 380):
".... Our analysis of the record, and apparently that of the trial court, is that Chaisson, when he pulled his pistol and fired in the direction of the plaintiff, a mere eight feet away, must have entertained a desire to bring about the result which followed and should have believed that the result was substantially certain to follow."
Relying on Monk, defendants argue both elements must be alleged to state a cause of action under Louisiana law, and the Restatement of Torts as adopted in Rambin is basically incorrect in that it improperly sets forth the two elements in the disjunctive rather than the conjunctive.
While we do not agree with defendants' conclusion regarding the holding in Rambin, our disagreement becomes immaterial in view of the most recent and definitive decision discussing the meaning of "intent", Bazley v. Tortorich[6] in which the court adopted the disjunctive definition contained in the Restatement. We are required to follow Bazley, a case handed down by the Supreme Court of Louisiana which reversed a decision of this court.
In Bazley plaintiff was struck and injured by a passing automobile while mounting the back of a Jefferson Parish garbage truck in the course and scope of his employment. He alleged the accident resulted from his co-employee's intentional acts in operating a garbage truck without a working horn, disregarding mechanical and electrical standards, failing to keep a proper lookout or see what he should have seen, and failing to stop in a safe place and warn plaintiff of danger. Plaintiff did not allege facts showing his co-employee desired the consequences of his acts or believed they were substantially certain to follow.
The Bazley plaintiff argued an "intentional act" was identical to a "voluntary act" so that an injured employee may sue in tort for any voluntary act setting in motion events leading to his injury even if the resulting injury did not appear likely or was not apparent to the actor. The court (at page 482) rejected this argument as follows:
"... The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did. Several courts of appeal have stated the two prongs of the definition in the conjunctive, thus requiring a plaintiff to prove, in order to recover, that the defendant desired the physical results of his act in every case. Waldrop v. Vistron Corp., 391 So.2d 1274 (La.App.1980); McGuire v. Honeycutt, 387 So.2d 674 (La. App. 3d Cir. 1980); Johnson v. Chicago Mill & Lumber Co., 385 So.2d 878 (La. App. 2d Cir. 1980); Courtney v. BASF Wyandotte Corp., 385 So.2d 391 (La.App. 1st Cir.) writ denied 386 So.2d 359 (La. 1980); Bourgoyne v. City of Baton *276 Rouge, 380 So.2d 131 (La.App. 1st Cir. 1979), cert. denied 382 So.2d 164 (La. 1980); Frazier v. Woodward, 378 So.2d 209 (La.App. 4th Cir. 1979); Johnson v. Narcisse, 373 So.2d 207 (La.App. 4th Cir. 1979); Tobin v. Jacobson, 369 So.2d 1161 (La.App. 1st Cir. 1979); Guidry v. Aetna Casualty & Surety Company 359 So.2d 637 (La.App. 1st Cir.) writ denied, 362 So.2d 578 (La.1978). Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result Restatement (Second) of Torts, § 8A, Comment; Prosser, supra, § 8." (Emphasis ours).
It should be noted that in Bazley the Supreme Court pointed out that most states imposing statutory or common law penalties for intentional misconduct "... have required a commission of a genuine intentional tort and have refused to stretch liability to include negligence, recklessness, or constructive intent."
We conclude in this case that plaintiffs' petition, as amended prior to the hearing on the exception, fails to allege facts sufficient to show the defendant Valentine Sugars either "desired to bring about the physical results" of its alleged acts and omissions or "believed they were substantially certain to follow" from such acts and omissions. The allegation in the petition that defendant's acts or omissions were of such a nature as to meet the requirements of our law relative to an intentional tort is a mere conclusion of law and does not comply with the Louisiana requirement for fact pleading. As such, it does not state a cause of action for an intentional tort.
However, the judgment does not afford plaintiffs an opportunity to amend their petition. Amendment after a peremptory exception is maintained is covered by Article 934 of the Louisiana Code of Civil Procedure as follows:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed." LSA-C.C.P. Art. 934.
There is a possibility that plaintiffs may be able to remove the objection to their exception of no cause of action, especially with regard to the question of whether Valentine Sugars believed the physical results were substantially certain to follow its alleged acts and omissions. Consequently, we will remand to afford plaintiffs an opportunity to amend their petition, if they can do so in good faith and in accordance with this opinion. Accordingly, we affirm that part of the judgment which sustains the exception of no cause of action.
For the reasons assigned, the judgment appealed from is affirmed. However, the case is remanded to the trial court for the purpose of allowing plaintiffs an opportunity to amend their petition within a delay allowed by that court.
AFFIRMED AND REMANDED.
NOTES
[1] Blue Cross filed a motion for summary judgment on the ground its policy provided only medical insurance coverage and excluded injuries covered by the Louisiana Workmen's Compensation Statute. Blue Cross is not involved in this appeal.
[2] R.S. 23:1021, et seq.
[3] Cases other than those mentioned in this opinion are referred to in Bazley v. Tortorich, La., 397 So.2d 475.
[4] La. App., 355 So.2d 561.
[5] La.App., 312 So.2d 377.
[6] Supra, note 3.