11 SULLIVAN, Judge.
Plaintiff, Lois Price, was beaten and robbed on August 15, 1988 by two unknown assailants while working as a store clerk at a Circle K convenience store in Alexandria, Louisiana. Price filed this tort suit against her employer, Circle K Corporation, seeking recovery for her injuries. After taking Price’s deposition, Circle K filed a motion for summary judgment seeking a dismissal of plaintiff’s suit under the exclusivity provisions of the worker’s compensation act, i.e. La. R.S. 23:1032. Plaintiff opposed the motion for summary judgment on the basis that her injuries were caused by the “intentional act” of defendant. The trial court granted defendant’s motion and dismissed plaintiffs suit. This appeal followed.
On appeal, Price argues that Circle K’s failure to provide a safe workplace constitutes an “intentional act” inasmuch as the robbery and resulting injuries to her were substantially certain to follow by defendant’s failure to provide adequate security.
|2In the landmark case of Bazley v. Tortorich, 397 So.2d 475 (La.1981), the Louisiana Supreme Court determined that the words “intentional act” found in La. R.S. 23:1032 mean the same as “intentional tort” in reference to civil liability and construed the meaning of intent as follows:
For these reasons, we construe the legislation under review as providing that the exclusive remedy rule shall be inapplicable to intentional torts or offenses. The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did. Several courts of appeal have stated the two prongs of the definition in the conjunctive, thus requiring a plaintiff to prove, in order to recover, that the defendant desired the physical results of his act in every case. Waldrop v. Vistron, 391 So.2d 1274 (La.App.1980); McGuire v. Honeycutt, 387 So.2d 674 (La.App. 3rd Cir.1980); Johnson v. Chicago Mill & Lumber Co., 385 So.2d 878 (La.App. 2nd Cir.1980); Courtney v. BASF Wyandotte Corp., 385 So.2d 391 (La.App. 1st Cir.), writ denied, 386 So.2d 359 (La.1980); Bourgoyne v. City of Baton Rouge, 380 So.2d 131 (La.App. 1st Cir.1979), cert. denied, 382 So.2d 164 (La.1980); Frazier v. Woodward, 378 So.2d 209 (La.App. 4th Cir.1979); Johnson v. Narcisse, 373 So.2d 207 (La.App. 4th Cir.1979); Tobin v. Jacobson, 369 So.2d 1161 (La.App. 1st Cir.1979); Guidry v. Aetna Casualty & Surety Company, 359 So.2d 637 (La.App. 1st Cir.1979), writ denied, 362 So.2d 578 (La.1978). Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result. Restatement (Second) of Torts, Sec. 8A, Comment; Prosser, supra, Sec. 8.
397 So.2d at 475.
In the case of Adams v. Time Saver Stores, Inc., 615 So.2d 460 (La.App. 4th Cir.1993), writ denied, 617 So.2d 910 (La.1993), the Court addressed the issue of whether an injured employee could pursue his employer in tort on the basis that the employer knowingly failed to provide the employee with a safe place to work. The Court answered as follows:
... This may be negligence or even gross negligence. However, as illustrated in Hood v. South Louisiana Medical Center, 517 So.2d 469 (La.App. 1st Cir.1987), failure to maintain safe conditions in the workplace may give rise to conditions ‘which, at most, could be said to have made the occurrence of an accident likely, but the circumstances fall short of indicating that injury to plaintiff was inevitable or substantially certain to occur.’ Id. at 471. More recently, in Suarez v. American Pecco Corp., 608 So.2d 294 (La.App. 4th Cir.1992) this court followed Tapia v. Schwegmann Giant Supermarkets, Inc., 590 So.2d 806 (La.App. 4th Cir.1991) and reversed the trial court’s denial of summary judgment. ...
* * * * * ⅜
We deny Ms. Adam’s claim not because she has failed to designate a specific intentional tort by name, which as we have *1212 discussed above is not required; but because her allegations raise only the question of negligence. Because of the exclusive nature of the worker’s compensation remedy the defendants’ negligence is not a material issue. The intentional act exception of LSA-23:1032 was never intended to make employers liable in tort for the random, independent, intervening, intentional acts of unrelated, unknown third parties such as the malefactors who so viciously abused Ms. Adams in this case....
615 So.2d at 464.
I a We find the Adams decision persuasive and, given our careful review of the record in this matter, we are convinced that, at most, defendant may have been negligent, but the record leaves no issue as to any material fact concerning an intentional act on the part of defendant. We find defendant is entitled to summary judgment as a matter of law.
The judgment appealed from is affirmed. All costs of this appeal are assessed against appellant.
AFFIRMED.