BOUTALL, Judge.
Sidney Bazley brought suit for personal injuries alleged to occur while in the scope of his employment as a garbage man by Jefferson Parish Sanitation Department when the garbage truck he was working on was struck by another vehicle. He brought suit against David Silverman, Arthur Les-trick, and Herman Romero alleging them to be officers, department heads, management agents and/or directors of Jefferson Parish Sanitation Department, and against Fireman’s Fund Insurance Company, their liability insurer. The suit further alleges that the causes of the accident were the intentional acts and/or the intentional failure to act by the defendants.
Fireman’s Fund filed an exception of no cause of action based upon the premise that it could only be liable if its alleged insured were liable and that the provisions of Louisiana Workmen’s Compensation statute R.S. 23:1032, as amended by Act 147 of 1976, bars this type of suit against them as officers, etc. The trial judge maintained the exception, and plaintiff Bazley has appealed.
The appeal presents two basic issues, 1) whether the statutory restrictions imposed in R.S. 23:1032 are in violation of the constitutions of Louisiana and the United States; 2) whether the petition and supplemental petition constitute a cause of action within the permissive limits of R.S. 23:1032.
The Supreme Court of Louisiana has had occasion to consider these same constitutional issues here presented in a case this same plaintiff had previously filed and appealed Bazley v. Tortorich, 397 So.2d 475 (La.1981). In that case Bazley had sued for the injuries out of that same accident naming as defendants the driver of the other automobile and the driver of the garbage truck (a fellow employee) and his insurer. The decision in that case is binding upon us and we see no necessity to discuss it in detail. The constitutional issues raised are without merit.
The other issue is the legal interpretation of R.S. 23:1032 and a consideration of the allegations of the petition and supplemental petition under that statute.
R.S. 23:1032 reads in pertinent part as follows:
“§ 1032. Exclusiveness of rights and remedies; employer’s liability to prosecution under other laws.
“The rights and remedies herein granted to an employee or his dependents on *230 account of an injury * * * for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee * * * against his employer or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury * * *.
“Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal * *, civil or criminal, resulting from an intentional act.”
******
In Bazley v. Tortorich, supra, the Supreme Court concluded that the words “intentional act” meant the same as “intentional tort” in reference to civil liability. With that interpretation firmly fixed in our minds we proceed to examine the allegations contained in plaintiff’s petition as follows:
“VI.
“At all times pertinent hereto, defendants, DAVID SILVERMAN, ARTHUR LESTRICK and HERMAN ROMERO, officers, department heads, management agents and/or directors of Jefferson Parish Sanitation Department.
VII.
“The causes of the accident were the intentional acts and/or the intentional failure to act by the defendants, DAVID SILVERMAN, ARTHUR LESTRICK, and HERMAN ROMERO.
VIII.
“Defendants, as officers, department heads, managing agents and/or directors, had the duty to provide the employees of Jefferson Parish Sanitation Department with a safe place to perform their work and to protect them from known dangers; such duty required said defendants to take positive steps to provide such safe working places and also to remove hazardous conditions from the premises and from the machinery used to perform their required tasks.
IX.
“The defendants intentionally committed the aforedescribed acts and/or omissions with the active knowledge that in so doing they substantially increased the risk of harm from accident to petitioner. The injuries complained of herein were caused by the said acts and/or omissions of defendants.
X.
“Despite of (sic) the knowledge of such risks and dangers, these defendants failed to take necessary actions to protect the plaintiff against such risks or to eliminate or minimize such dangers.
XI.
“In addition to the foregoing, the intentional acts and/or failures to act by these defendants which caused the aforementioned accident and brought about severe injuries to the plaintiff, include the following nonexclusive particulars:
“A) Operating an unsafe and hazardous garbage truck;
“B) Continuing the operation of the aforesaid garbage truck when the defendants had knowledge that it was unsafe and hazardous;
“C) Failure to provide safe equipment for employees to work with and around;
“D) Operating the said garbage truck in the absence of a working horn;
“E) Failing to provide a proper alarm system for use in emergencies;
“F) Conscious disregard of safe and reasonable mechanical and electrical maintenance standards;
“G) Other acts on the part of defendants which will be shown at the trial of this matter or between now and the trial.”
The supplemental petition adds an additional paragraph alleging:
*231 “XI. (a)
“In the alternative, plaintiff, SIDNEY BAZLEY, pleads the negligence of defendants, DAVID SILVERMAN, ARTHUR LESTRICK and HERMAN ROMERO in the following non-exclusive particulars:
“A) In allowing the operation of an unsafe and hazardous garbage truck;
“B) In the continuation of the operation of the aforesaid garbage truck when the defendants had knowledge that it was unsafe and hazardous;
“C) In failing to provide safe equipment for employees to work with and around;
“D) In allowing the operation of the said garbage truck in the absence of a working horn;
“E) In failing to provide a proper alarm system for use in emergencies;
“F) In the conscious disregard of safe and reasonable mechanical and electrical maintenance standards;
“G) In other acts on the part of defendants which will be shown at the trial of this matter, or between now and the trial.”
After considering these allegations, we cannot conclude that they are such as to form the basis of an intentional tort within the interpretation of R.S. 23:1032, and accordingly the exception of no cause of action was properly maintained.
For the reasons assigned, the judgment appealed is affirmed.

AFFIRMED.