411 So.2d 622 (1982)
Mrs. Catherine E. HURST, et al.
v.
Audrey E. MASSEY, et al.
No. 12738.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
McCann, McCann, Schroeder & Mirabile, John J. McCann, New Orleans, for plaintiffs-appellants.
Walker & Bordelon, Alvin J. Bordelon, Jr., New Orleans, for defendants-appellees.
Before GULOTTA, KLEES and AUGUSTINE, JJ.
GULOTTA, Judge.
In this wrongful death action, plaintiffs seek recovery against corporate executive officers based on their "intentional act", pursuant to LSA-R.S. 23:1032 as amended by Acts of the Louisiana Legislature 1976, No. 147.[1]
The trial judge maintained exceptions of no cause of action and dismissed plaintiffs' *623 suit. Plaintiffs appeal. We reverse and remand.
This suit arises out of a labor dispute in St. Bernard Parish where acts of violence occurred during a strike at the Tenneco Oil Company. John A. Hurst, Jr., a maintenance supervisor for Tenneco was shot and killed when violence erupted at the defendant-company site. The pertinent allegations of the original petition upon which plaintiffs base their claim that the death resulted from defendants' "intentional act" are as follows:
"...
VI.
On January 18, 1980, in the midst of this tense situation, John A. Hurst, Jr., husband of your first named petitioner and father of your 2nd, 3rd, and 4th named petitioners was ordered, directed, permitted and allowed to be posted at the Foster-Wheeler gates (Gate # 6) to set up a barricade and, in effect act and be a security guard for Tenneco, despite the fact that he was a maintenance supervisor for Tenneco and known to it and its executive officers to be totally untrained for these highly delicate duties in such a precarious position.
VII ...
VIII ...
IX.
The liability of Tenneco Oil Company, Tenneco, Inc. and its executive officers, and more particularly Albert P. Caldwell, Jr., William E. Heck and Jerry Singletary attaches as a result of sending, and permitting to be sent, a maintenance man, totally untrained, to be exposed in the proximate area of danger when they knew the extreme probability of violence that could, and did, result in severe injury and death to one of its own employees. Further liability attaches for a failure to properly protect him, and for a failure to order trained security personnel service companies to man the gates. All of the above constitute intentional acts within the framework of our laws."
In a "First Supplemental and Amended Petition", the petition was supplemented as follows:
"By adding to Paragraph IX of the original petition filed herein the following: Said defendants' acts also render them liable because the injurious consequences of their acts were substantially certain to follow said acts; and thus said defendants' acts are treated by the law as intentional."
In a "Second Supplemental and Amended Petition" the petition was further supplemented as follows:
"By adding to Paragraph IX of the original petition the following:
Plaintiffs allege that said defendants believed, knew or should have known that said injurious consequences and physical results of their actions complained of herein were certain or substantially certain to follow from their acts and conduct, yet defendants still went ahead."
In the landmark case of Bazley v. Tortorich, 397 So.2d 475 (La.1981) the Louisiana Supreme Court in defining "intentional act" as incorporated in LSA-R.S. 23:1032 as amended, supra, stated:
"The meaning of intent in this context is that the defendant either desired to bring about the physical result of his act or believed they were substantially certain to follow from what he did."
The Supreme Court went on to say that:
"Intent is not, however limited to consequences which are desired. If the actor *624 knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he has in fact desired to produce the result. Restatement (Second) of Torts, Section 8A Comment; Prosser, supra, § 8."
See also, Mayer v. Blue Cross Ins. Co., Inc., 402 So.2d 273 (La.App. 4th Cir. 1981); Woolridge v. Mouledoux, 398 So.2d 1272 (La. App. 4th Cir. 1981).
The petitions in the instant case do not allege that defendants "desired" to bring about the physical results. Therefore, if plaintiffs petitions assert a cause of action here, it must be based on a claim that defendants knew or believed that the consequences resulting from their acts are certain or substantially certain to follow.
Applying the language of the original petition together with the supplemental and amended petitions and taking these allegations as true,[2] we conclude plaintiffs state a cause of action. In the original petition, plaintiffs assert that the decedent, totally untrained, "was exposed to danger by defendants, when they knew the extreme probability of violence that could, and did, result in severe injury and death...." In the First Supplemental and Amended Petition they state that "injurious consequences of their [defendant's] acts were substantially certain to follow said acts; ...", and in the Second Supplemental and Amended Petition they allege that defendants "... believed, knew ... that said injurious consequences and physical results of their actions... were certain or substantially certain to follow...."
Although the petition does not state that defendants ordered the decedent to set up barricades when they knew or believed that the consequences of their act were certain or substantially certain to cause John Hurst's death or serious injury, nonetheless the allegations when read together do assert the Bazley definition of "intentional act", albeit in perhaps different language carrying the same meaning.
We find no merit to defendants' argument that plaintiffs' use of the phrase "or should have known" in the Second Supplemental and Amended Petition claiming defendants' knowledge of the injurious consequences of their acts goes beyond alleging an intentional act. Although this phrase is associated with negligence pleadings, in the context of the original and amended petitions in our case, it is "overpleading" or superfluity. Furthermore, because the amended petition alleges that defendants "believed, knew" that said injurious consequences of their actions were certain or substantially certain to follow, we conclude the Bazley test has been satisfied.
We likewise reject defendants' contention that plaintiffs' allegations are in the nature of conclusions of law. Allegations of the commission of an intentional act necessarily require assertions dealing with one's frame of mind and thereby involve knowledge and belief that go beyond factual allegations. These assertions of defendants' frame of mind require conclusions by the pleader of knowledge or belief on the part of defendants that bring their actions within the "intentional act" definition. Whether these allegations of guilty knowledge or belief may or may not be proved is not our concern here when considering whether the petition states a cause of action.
Accordingly, when we consider the allegations contained within the four corners of the original, first and second supplemental and amended petitions, we are led to conclude that plaintiffs state a cause of action against the executive officers. Having so concluded, we reverse the judgment of the trial court. The matter is remanded for further proceedings consistent herewith. Costs to await the final outcome of the litigation.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 23:1032 provides as follows:

"§ 1032. Exclusiveness of rights and remedies; employer's liability to prosecution under other laws.
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section."
[2] See Haskins v. Clary, 346 So.2d 193 (La. 1977); Pence v. Ketchum, 326 So.2d 831 (La. 1976).