424 So.2d 360 (1982)
Dickie WRIGHT, Plaintiff-Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, et al., Defendants-Appellees.
No. 15062-CA.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1982.
*361 Baggett, McCall, Singleton & Ranier by William B. Baggett, Lake Charles, and Troy E. Bain, Shreveport, for plaintiff-appellant.
Mayer, Smith & Roberts by Caldwell Roberts, Shreveport, for defendants-appellees, Liberty Mut. Ins. Co., Bill Adams, Bill Bradshaw, Hillman Deaton, E.C. Green, Eugene Kent and Bobby Bryant.
Before HALL, MARVIN and SEXTON, JJ.
HALL, Judge.
This is a suit for damages as the result of injuries sustained by plaintiff during the course and scope of his employment with Riley-Beaird, Inc. Defendants, co-employees of the plaintiff and their liability insurer, filed a peremptory exception of no cause of action or no right of action, alleging that plaintiff's exclusive remedy is a claim for workers' compensation benefits under LSA-R.S. 23:1032, which provides in pertinent part:
"The rights and remedies herein granted to an employee ... on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury or compensable sickness or disease...
"Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act."
Plaintiff opposed the exception, maintaining that his petition sets forth sufficient facts to establish that the injuries resulted from an intentional tort, thereby making the exclusivity provisions of LSA-R.S. 23:1032 inapplicable here. In a thorough, well-written opinion, the trial court sustained defendants' exception and dismissed plaintiff's suit. We affirm.
The sole issue for consideration on appeal is whether the allegations of plaintiff's petition sufficiently allege an intentional tort so as to state a cause of action under LSA-R.S. 23:1032.
Plaintiff's allegations of intentional tort are set forth in paragraphs 6 through 10 of his amended petition, as follows:
"6.
"That defendants, Bill Adams, Bill Bradshaw, Hillman Deaton, E.C. Green, Eugene Kent, Bobby Bryant, and the said Charlie Woodruff, Bobby Foster and Tommy Rascoe, knew and were all well acquainted with the work assigned to DICKIE WRIGHT and the area where he was assigned to work, and were very familiar with the duties to be performed by DICKIE WRIGHT on January 30, 1980, on the platform in Bay-10.
"7.
"That the duty of deciding what work would be done by DICKIE WRIGHT at *362 the aforementioned plant belonged to the defendants, Bill Adams, Bill Bradshaw, Hillman Deaton, E.C. Green, Eugene Kent, Bobby Bryant and the said Charlie Woodruff, Bobby Foster and Tommy Rascoe, and/or they had actually undertaken to perform said duties.
"8.
"That the above named defendants, as executive officers and/or employees of Riley-Beaird, Inc. knew, on or before January 30, 1980, that DICKIE WRIGHT was an epileptic and was subject to epileptic seizures.
"9.
"That notwithstanding the knowledge that plaintiff, DICKIE WRIGHT, was subject to epileptic seizures, defendants had assigned the plaintiff to work above ground alone at heights known to be unsafe and hazardous and such assignments of work were made on January 30, 1980.
"10.
"Defendants, Bill Adams, Bill Bradshaw, Hillman Deaton, E.C. Green, Eugene Kent, Bobby Bryant, and the said Charlie Woodruff, Bobby Foster and Tommy Rascoe, for whose acts Liberty Mutual Insurance Company is liable, are all liable to plaintiff, DICKIE WRIGHT in his fall of January 30, 1980 as alleged in paragraph 5 above for the following reasons:
"A. The defendants knew that DICKIE WRIGHT was subject to having epileptic seizures at any time.
"B. Notwithstanding such knowledge, defendants assigned DICKIE WRIGHT to work above ground with absolute certainty that when he had an epileptic seizure while working above ground, he would fall and that death or great bodily harm would immediately result from the fall.
"C. On January 30, 1980 while working above ground for Riley-Beaird, Inc., DICKIE WRIGHT did have an epileptic seizure and did fall, which caused great bodily harm to DICKIE WRIGHT as will be set forth below.
"D. The action of the defendants was intentional in that they knew when they assigned DICKIE WRIGHT to work above ground that when he had an epileptic seizure it was absolutely certain that he would fall and receive great bodily harm."
The sum of plaintiff's contention is that the actions of the various defendants, assigning plaintiff to work in a high place despite their knowledge that plaintiff suffered from epilepsy, constitutes an intentional tort.
In the landmark case of Bazley v. Tortorich, 397 So.2d 475 (La.1981), our Supreme Court concluded that "intentional act" under LSA-R.S. 23:1032 means intentional tort. The court held that:
"... The meaning of `intent' is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Thus, intent has reference to the consequences of an act rather than to the act itself." 397 So.2d at 481
The function of an exception of no cause of action is to test the sufficiency of the petition, construing its language in favor of plaintiff. The allegations of plaintiff's petition are taken as true, and the exception is tried on the facts of the pleadings. Reagan v. Olinkraft, Inc., 408 So.2d 937 (La.App. 2d Cir.1981).
In light of the foregoing, our inquiry is whether the allegations of the petition can be reasonably construed to mean that when defendants assigned plaintiff to work high above ground, it was desired or substantially certain that plaintiff would suffer an epileptic seizure, fall, and receive bodily harm.
The petition cannot be so construed. There is no allegation therein that defendants desired plaintiff's injuries. Furthermore, *363 the allegations do not meet the "substantially certain" standard enunciated in Bazley v. Tortorich, supra. Although plaintiff alleges in paragraph 10 of his petition that "when he [plaintiff] had an epileptic seizure it was absolutely certain that he would fall and receive great bodily harm." (Emphasis added), this allegation does not by itself, give rise to the inference that defendants were virtually certain that plaintiff would have a seizure, fall, and injure himself.
At best, plaintiff's petition alleges gross negligence in defendants' failure to provide a safe work environment. However, this action did not constitute "an intentional act" as contemplated by LSA-R.S. 23:1032. McDonald v. Boh Bros. Construction Co., Inc., 397 So.2d 846 (La.App. 4th Cir.1981); Reagan v. Olinkraft, Inc., supra.
Plaintiff's contention that the proper meaning of "intent" as it applies to LSA-R.S. 23:1032 requires that a defendant "should have known that a particular result would follow" is without merit. The Bazley standard, which constitutes a rejection of the "should have known ..." test has been consistently applied by our courts since its enunciation. See Bazley v. Silverman, 402 So.2d 228 (La.App. 4th Cir.1981); Cortez v. Hooker Chemical and Plastics Corp., 402 So.2d 249 (La.App. 4th Cir.1981); Mayer v. Blue Cross Ins. Co., Inc., 402 So.2d 273 (La.App. 4th Cir.1981); McDonald v. Boh Bros. Construction Co., Inc., supra; Reed v. Yor-Wil, Inc., 406 So.2d 236 (La.App. 1st Cir.1981); Reagan v. Olinkraft, Inc., supra.
In conclusion, the petition herein alleges that defendants knew of an increased risk of potential injury to plaintiff. This does not meet the Bazley standard, which requires a knowledge of "... no chance of anything other than ...." harm resulting.
The judgment is, therefore, affirmed at appellant's costs.
Affirmed.