CURRAULT, Judge.
This is an appeal by plaintiff, Peter S. Fallo, from judgments dismissing his suit against certain defendants on their motions for summary judgment.
Plaintiff, a day laborer, was sent by P & M Oilfield Services, Inc., a labor pool supply company, to the Harvey yard of Intracoas-tal Pipe Repair & Supply Company, m response to a request for temporary help by AMF Tuboscope, Inc. Tuboscope is in the business of inspecting and testing pipes used in the oilfield industry.
Fallo reported for his first day of work at 7:30 a.m., and at 3:30 that afternoon was involved in an accident which occurred while he was standing in a dangerous position. Two of the Tuboscope employees rushed to his aid, but in doing so neglected to turn off the conveyor belt. As a result, pipe rolled off the belt and plaintiff’s leg or ankle was crushed between two pieces of pipe.
Plaintiff was paid workmen’s compensation benefits by P & M and thereafter brought this suit in tort against various defendants. We are concerned here only with corporate defendants AMF Tuboscope, Intracoastal Pipe Repair & Supply Company, and Intracoastal Terminal.
These defendants filed motions for summary judgment; all of which were granted in judgments rendered October 9, 1981. The Intracoastal Companies’ claims are based on allegations that plaintiff was not an employee of either of them, and Tubo-scope asserts that plaintiff’s only remedy against them is in workmen’s compensation.
In support of their motions, defendants rely on the pleadings, answers to interrogatories and depositions of plaintiff, and Douglas Hervey, field supervisor for Tubo-scope.
It is clear plaintiff has no claim against the Intracoastal Pipe Repair & Supply Company and Intracoastal Terminal, Inc., as plaintiff was not an employee of either company. Thus, their motion for summary judgment was properly granted. (We note that plaintiff has apparently abandoned his claim as to them since his brief is directed only to his claim against Tuboscope.)
It is appellant’s position that his claim against Tuboscope is not limited to compensation benefits because his injury was intentionally caused by the Tuboscope employees.
*516 In support of his argument, appellant cites us to the landmark case of Bazley v. Tortorich, 397 So.2d 475 (La.1981), and to Hurst v. Massey, 411 So.2d 622 (La.App. 4th Cir.1982).
In Bazley, supra, the Supreme Court interpreted R.S. 23:1032, as amended by Act 147 of 1976, to mean that if an employee is to be exempted from the exclusive remedy of workmen’s compensation, the injury must have been caused by an intentional act as one where the tort-feasor consciously desires to bring about the physical result of his act, or the belief that the result of his act was substantially certain to follow from his conduct.
Intent, the court points out, is not limited to consequences which are desired. If the actor knows the consequences are certain, or substantially certain, to result from his act, and he still goes ahead, he is treated by the law as if he had in fact desired to produce the result.
After a review of the record and the law, it is our opinion that a determination of the requisite intent as defined by Bazley, is a factual matter to be properly adjudicated at a trial on the merits.
For the reasons assigned, therefore, the judgment in favor of Intracoastal Pipe Repair & Supply Company, Inc. and Intracoas-tal Terminal, Inc. is affirmed. The judgment in favor of defendant, AMF Tubo-scope, Inc., is reversed and it is now ordered that the matter be remanded to the district court for further proceedings in accordance to law and with the views expressed herein.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.