CURRAULT, Judge.
This case originally came before the court pursuant to. summary judgments granted to defendants by the trial court in a workmen’s compensation action. We reversed and remanded solely as to defendant Tubo-scope in Fallo v. Tuboscope Inspection, Intracoastal Pipe Repair and Supply Company, Inc., 424 So.2d 514 (La. 5th Cir.1982); Rehearing denied January 17, 1983. An application for writ of certiorari was thereafter filed in the Louisiana Supreme Court by defendant Tuboscope. The writ was granted in No. 83-C-0347, April 5,1983,434 So.2d 381, wherein this court was ordered to vacate its judgment and to either affirm the granting of the summary judgment or supplement its original opinion more specifically. Upon review and rehearing, we again reverse and remand for the following reasons.
Briefly, the basic facts reveal that AMF, a division of Tuboscope, Inc., is a corporation whose principal business involves inspection and testing of pipes used in the oil industry. On the morning of September 27, 1978, Tuboscope found itself short of labor and, as was customary, contacted P & M Oilfield Services, Inc., a labor supply pool to provide workmen. Plaintiff, Peter Fallo, was dispatched to Tuboscope and reported to the Intracoastal Pipe Repair Supply Company yard, the job site. Plaintiff was assigned to assist the crew that was inspecting and/or testing lengths of pipe approximately 40 feet long, weighing over 1,000 pounds. His particular duties consisted of manually rolling pipe stacked on a rack to a conveyor system which fed the pipe into the test equipment. The injury occurred when two Tuboscope employees, one of which was responsible for the automatic control of the conveyor, perceived that plaintiff was standing in what they considered to be a dangerous position. In going to his aid, the conveyor belt was not turned off. Consequently a pipe moving up the belt rolled back down, crushing plaintiff’s leg and ankle between it and the next pipe to be fed into the conveyor.
Plaintiff was paid workman’s compensation benefits by P & M and thereafter brought this suit in tort against the various defendants; however, on appeal, we were concerned solely with AMF Tuboscope, In-tracoastal Pipe Repair & Supply Company and Intracoastal Terminal, Inc.
Defendants filed motions for summary judgments; all of which were granted on October 19, 1981. Plaintiff appealed the judgment, but subsequently abandoned its claim as to Intracoastal Pipe Repair and Supply Company and Intracoastal Terminal, Inc. On appeal, this court rendered decision, now vacated, reversing the judgment in favor of Tuboscope and remanded the matter for further proceedings. Pursuant to the subsequent Louisiana Supreme Court mandate, argument on the issue was reset and the parties granted leave to file new briefs.
On rehearing, defendant asserts that as an employee of AMF Tuboscope, plaintiff’s sole remedy lies in workmen’s compensation. Plaintiff argues, however, that defendant’s conduct constitutes an intentional tort and is thus subject to exception in the workmen’s compensation act. In support of the allegations, plaintiff cites this court to the landmark case of Bazley v. Tortorich, 397 So.2d 475 (La.1981) and Hurst v. Massey, 411 So.2d 622 (La.App. 4th Cir.1982).
*1035 As we noted in our prior opinion, the Louisiana Supreme Court in Bazley, “interpreted R.S. 23:1032, as amended by Act 147 of 1976, to mean that if an employee is to be exempted from the exclusive remedy of workmen’s compensation, the injury must have been caused by an intentional act as one where the tort-feasor consciously desires to bring about the physical result of his act, or the belief that the result of his act was substantially certain to follow from his conduct.
“Intent, the court points out, is not limited to consequences which are desired. If the actor knows the consequences are certain, or substantially certain, to result from his act, and he still goes ahead, he is treated by the law as if he had in fact desired to produce the result.” Fallo, at page 516.
In a later case involving the same plaintiff, the Fourth Circuit Court, in affirming an exception of no cause of action, noted that the Bazley court equated the words “intentional act” in the statute to “intentional tort” for civil liability. Bazley v. Silverman, 402 So.2d 228 (La.App. 4th Cir. 1981). Judge Lawrence Chehardy, writing a concurring opinion, analyzed the Bazley decision as follows:
“It thus appears that earlier courts of appeal’s interpretation of the meaning of ‘intent’ in LSA-R.S. 23:1032 as amended by Act 147 of 1976 has either been overruled by the Supreme Court in Bazley, supra, or at any rate the meaning has been so broadened as to effectively do away with the earlier definition of the courts of appeal. In doing away with the earlier definition unless we include in the definition ‘should have known that the result would follow’ there exists a distinction without a difference. Why? Under the Supreme Court definition in Bazley. one must desire the result or know that the consequences are substantially certain to result. It is imperative that a responsibility be placed on the actor, not simply that he knows the result but that he should have known the result of his action. The ‘should have known’ standard is preferable in that it is an objective standard. The desired or known result standard is subjective and thus the distinction without a difference.” At page 231.
He concluded that the objective “should have known” standard was included in the broadened definition of “intentional” as set forth in Bazley and as expressive of the view in W. Prosser, The Law of Torts, Ch. 2 § 8 (4th Ed.1971).
In the Hurst case, the Fourth Circuit Court found that the plaintiffs stated a cause of action for intentional tort under Bazley. There the plaintiffs’ husband and father, a maintenance worker, was killed as a result of a labor dispute which erupted into violence. The decedent was posted by the company as a security guard at a company gate despite the fact that he was untrained in the area of security and despite the fact that defendants were aware of the dangerous nature of the situation.
The facts herein indicate that the plaintiff was standing in a “pit” the entire workday until the accident occurred. The “pit” was located between the conveyor and the stack of pipes. The evidence indicates further that defendant’s workers, including the field supervisor, knew the plaintiff’s position was dangerous and knew that plaintiff was an untrained worker. Plaintiff alleges in brief, further, that he received no instructions prior to beginning the work as to the proper place to stand, although defendant’s supervisor indicated he routinely gave such instructions. The routine procedure utilized by defendants would have placed plaintiff or any other worker on the side as opposed to the middle of the pipe. However, plaintiff insists contrary to defendant’s assertion that with only one man doing this particular job, it was necessary to stand between the stack of pipe and the conveyor. At all times the plaintiff was within calling and viewing distance of the other two members of this particular work team, one of which was the supervisor who controlled the stop and start mechanism of the conveyor. Sometime in the afternoon, the two workers saw a potential accident in process directly due to plaintiff’s position in the pit. They then left their own positions *1036 to go to the assistance of the plaintiff, but failed to turn the conveyor mechanism off before doing so. Consequently a length of pipe proceeding upward, with no one to direct its movement, rolled backwards pinning and crushing plaintiff’s leg and ankle.
When the courts rule on a motion for summary judgment, they are guided by the Louisiana Civil Code which provides that the
“motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087 (La.1981); Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981); Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976) (Emphasis added)
In this regard, the jurisprudence holds that only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Thornhill, supra; Chaisson, supra. The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Chaisson, supra; Thornhill, supra; Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La. 1978); Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977); Morgan v. Matlack, Inc., 342 So.2d 167 (La. 1977); Kay v. Carter, 243 La. 1095, 150 So.2d 27 (La.1963).
Furthermore, it is well established that, in passing on a motion for summary judgment, the court’s function is not to determine the merits of the issue. Sinclair Oil & Gas Co. v. Delacroix Corp. et al., 235 So.2d 187 (La.App. 4th Cir.1970); Corceller v. Bonanza International, Inc., 289 So.2d 822 (La. App. 4th Cir.1974); Cooper v. Anderson, 385 So.2d 1257 (La.App. 4th Cir.1980); Dougharty v. Calkraft Paper Co., 335 So.2d 772 (La.App. 3d Cir.1976).
“Where a determination of subjective facts is involved, such as motive, intent or good faith, summary judgment is rarely appropriate.” Cooper v. Anderson, supra, at page 1258; Fontenot v. Aetna Insurance Co., 225 So.2d 648 (La.App. 3d Cir.1969).
Finally, a summary judgment does not serve as a substitute for an exception of no cause of action. Sinclair, supra; Wells v. St. Tammany Parish School Board, 340 So.2d 1022 (La.App. 1st Cir.1976).
In the instant case, even the undisputed facts fail to lead to the inevitable conclusion that defendant’s conduct does not constitute an intentional tort under Bazley and Hurst. In fact, additional evidence may possibly lead to the opposite result. Since, in our opinion, mover is not clearly entitled to judgment as a matter of law, we hold that the summary judgment was improperly granted.
For the foregoing reasons, upon review of the law and evidence, the judgment of the trial court is hereby reversed and the case remanded for further proceedings. Defendant-appellant, AMF Tuboscope, is to pay all costs of this appeal.
REVERSED AND REMANDED.