444 So.2d 621 (1984)
Peter S. FALLO
v.
TUBOSCOPE INSPECTION, et al.
No. 83-C-1517.
Supreme Court of Louisiana.
January 16, 1984.
Rehearing Denied February 15, 1984.
Brad G. Theard, Young & Richaud, New Orleans, for applicant.
Thomas L. Gaudry, Jr., Pastorek & Gaudry, Gretna, Joel P. Loeffelholz, New Orleans, for respondents.
*622 DENNIS, Justice.
This is a personal injury suit by an employee against his employer. The trial court granted the employer's summary judgment because the pleadings and deposition on file show there is no genuine issue as to a material fact and that because the employee's injury did not result from an intentional act of his co-employee, his exclusive remedy is for worker's compensation. The court of appeal reversed suggesting that the legislature in La.R.S. 23:1032 by authorizing an employee to recover for personal injuries resulting from a co-employee's intentional tort also intended to permit such recovery for injuries caused by an act of a co-employee which "he should have known" would produce the harmful consequences. 435 So.2d 1033. This was clear error. In order to come within the exception to the general rule that he may recover only worker's compensation from his employer for a work related injury, the employee must prove that the co-employee tortfeasor, when he acted, either consciously desired the physical result of his act or knew that that result was substantially certain to follow from his conduct. Bazley v. Tortorich, 397 So.2d 475 (La.1981). There is not the slightest suggestion in this record that any co-employee acted with an intent to injure the plaintiff, either by acting with a desire to harm him or by acting with the knowledge that his injury was substantially certain to result from the act. On the contrary, the pleadings and deposition demonstrate beyond any reasonable doubt that the accident occurred while two of the co-employees were attempting to rescue the plaintiff from his peril. Whether they may have acted negligently in this regard is not a genuine issue as to a material fact because the plaintiff employee is not legally entitled to recover damages from his employer because of the careless act of his co-employee. Accordingly, the judgment of the court of appeal is reversed, and the summary judgment of the trial court is reinstated.
REVERSED; TRIAL COURT JUDGMENT REINSTATED.