479 So.2d 9 (1985)
Ramon McDONALD
v.
Louis GONZALES, Bernard Jameson, Randy Dufour, Dalton Smith, and Louisiana Power and Light Company.
No. 85-CA-52.
Court of Appeal of Louisiana, Fifth Circuit.
November 12, 1985.
Orlando G. Bendana, Wayne H. Carlton, Jr., Law Offices of Bendana & Carlton, New Orleans, for plaintiff-appellant, Ramon McDonald.
Stanley E. Loeb, New Orleans, for defendant-appellee, Bernard Jamison.
Andrew P. Carter, George F. Riess, Monroe & Lemann, New Orleans, for defendants-appellees, Randy Dufour, Dalton Smith and Louisiana Power & Light Co.
Robert M. Johnston, Lawrence J. Duplass, Johnston & Duplass, New Orleans, for third-party defendant-appellee, The American Ins. Co.
Before BOUTALL, KLIEBERT, BOWES, CURRAULT and GAUDIN, JJ.
KLIEBERT, Judge.
This is an appeal by plaintiff-worker, Ra mon McDonald, from a judgment dismissing his intentional tort action via summary judgment against defendant-foreman, Bernard Jameson, and his insurer, The American Insurance Company. For the reasons *10 which follow, the judgment of the district court is reversed.
Plaintiff alleges in his original petition that while employed as a painter, by Surface Preparation and Coating Enterprises, Inc. (Space, Inc.), to paint a building owned by Louisiana Power & Light Company, Inc., he was rendered unconscious by paint fumes and, as a result, fell, thus sustaining severe injuries. He alleged that Jameson knew or should have known of the defective and dangerous condition of the paint; yet, he ordered plaintiff to return to work. Therefore, he argues Jameson intended or was reasonably certain plaintiff's injury would follow his ordering him to return to work.
Jameson answered the suit denying liability and asserting comparative negligence as a defense because McDonald removed his safety belt prior to the fall. Thereafter, Jameson filed a third party petition against his insurer, The American Insurance Company, contending that in view of plaintiff's allegation, he is entitled under the policy to a defense and to indemnification if he be cast in judgment.
Jameson and The American Insurance Company then filed a motion for summary judgment based on the contention plaintiff's sole and exclusive remedy is in workman's compensation and Jameson did not intend to cause injury to the plaintiff. In support of their motion, they offered: (1) deposition of plaintiff taken on April 26, 1983, which described the accident; (2) the deposition of Space, Inc., through its representative, Timothy C. Furnish, taken on April 4, 1983, and (3) an affidavit of Bernard Jameson in which he states that he did not intend to injure plaintiff. After a hearing on the motion the trial court granted the motion for summary judgment. The plaintiff filed no affidavits or depositions in opposition to the motion for summary judgment.
In oral argument on appeal the defendants raise as an issue the fact that a judgment awarding compensation benefits to plaintiff has been rendered. Since our decision here is to set aside the dismissal on the motion for summary judgment this may become a viable issue before the trial court, however, we do not pass on it now.
La.R.S. 23:1032 limits the employee's action to workman's compensation unless the injury resulted from an "intentional act." In Bazley v. Tortorich, 397 So.2d 475 (La. 1981), the Louisiana Supreme Court equated intentional act to an intentional tort in the common law; i.e., the actor must actively desire the results or believe that the results are substantially certain to follow. Fallo v. Tuboscope, 444 So.2d 621 (La. 1984).
Article 966 of the Code of Civil Procedure permits a party to go beyond the factual allegations in the pleadings and obtain relief by summary judgment when the facts, set forth in affidavits, depositions, answers to interrogatories and admissions contained in the record, show that there are no genuine issues of material fact remaining and the mover is entitled to a judgment as a matter of law. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984).
A close review of the items contained in the record in this matter does not resolve the major issue of fact; that is, did the defendant Jameson have the requisite intent for committing an intentional tort. This intent is not limited to a desire to cause the harm or malice. As the Supreme Court stated in Bazley, supra:
"Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result. Restatement (Second) of Torts, § 8A, Comment; Prosser, supra, § 8."
Applying this definition of intent, the issue becomeswould a reasonable man in the defendant's, Jameson's, position be substantially certain that his act, i.e., ordering plaintiff to continue working after his complaints of dizziness, would result in plaintiff's injury?
*11 Plaintiff's petition alleges that the defendant had full knowledge of the noxious nature of the paint and that he knew its use would result in petitioner's injury. The answer and affidavit of the defendant merely deny that he intended to injure plaintiff. The portion of plaintiff's deposition introduced in evidence merely recounts the allegation of his petition concerning what he did immediately before the accident.
The petition does not merely use the word "intentional" and then allege a cause of action in negligence. Here the plaintiff has alleged facts, that if proven, would show the defendant was substantially certain that the resulting fall would follow. Defendant's affidavit merely denies he intended to harm plaintiff. Here the pleadings, affidavits and interrogatories do not resolve the material issue of whether or not the defendant was substantially certain that the result would follow. This issue should be resolved at a trial on the merits.
Accordingly, the judgment of the lower court is reversed and set aside and the case remanded to the trial court for further proceedings. The defendant to pay all costs of the appeal.
REVERSED, SET ASIDE AND REMANDED.
GAUDIN, J., dissents.
GAUDIN, Judge, dissenting.
I respectfully dissent, being of the opinion that the district court's summary judgment was correct and in accord with prevailing statutes and jurisprudence.