BOWES, Judge.
Plaintiff-appellant Rudolph Knox appeals a judgment of the district court granting summary judgment in favor of the defendants, dismissing his action against his former employers for injuries received as the result of an automobile accident. We reverse and remand.
Rudolph Knox (Knox) was employed by Imperial Trading Company as a workman and deliveryman, allegedly under the joint and direct supervision of Gerald Pelias (Pe-lias) and Dennis Georges (Georges), both executive officers of the company. On September 10, 1985, Knox alleged that he was ordered to accompany a fellow employee on a delivery to Hammond, Louisiana. The vehicle in which the men were to ride was a van owned by the defendants’ company.
The petition alleges that Knox was forced to ride in the van which had only one seat, for the driver. As a passenger, appellant was provided with a “kitchen-type” metal folding chair, which was not fastened to the floor. Additionally, it is alleged that the door on the passenger side was inoperable and stuck in the open position. The petition further states that there were no seat belts provided for appellant; that although the rear axle of the vehicle was designed for four rear (tandem) wheels, the vehicle was equipped with only two rear wheels; that all the wheels were in poor condition; and that the engine was not properly secured to the frame, resulting in a rough ride and difficulty in steering. The petition also alleges that all these facts were known by the defendants and that, while riding in the van, the vehicle sustained a flat tire or a “blow-out” on Interstate Highway 55 as a result of which the van turned over and appellant was thrown through the open door, sustaining serious permanent injuries.
It is further alleged in the petition that the defendants had direct responsibility for the purchase, maintenance, and assignment of delivery trucks and, having ordered appellant to ride in the vehicle under the circumstances, acted with substantial certainty that injury would occur.
The above allegations seek to bring the action against Georges and Pelias within the “intentional act” exception to the Worker’s Compensation laws, which are *717 otherwise the exclusive remedy of the employee against his employer.[1]
Defendants answered and generally denied all the allegations, and subsequently moved for summary judgment in their favor. Their motion was accompanied only by a memorandum of law in which defendants concluded that the decision of the defendants to have Knox ride in a truck whose tire blew out was not the type of intentional action that the exception of L.R. S. 23:1031 allows. Important to our consideration is the fact that no depositions, pleadings, or affidavits were filed by defendants in connection with the motion to countermand or contradict those filed by plaintiff. Plaintiff did not attempt to rest merely on the allegations of his petition, but opposed the motion with an affidavit by Knox reiterating the allegations of the petition with emphasis on the knowledge and intent of the defendants, as well as a sworn statement of material facts in dispute and a legal memorandum. After counsel for both parties argued the motion orally, the court granted summary judgment with only the following statement as reasons for judgment:
"... it takes some pretty hard law, some hard facts for you to get within, outside the umbrella of workmen’s compensation and I don’t think you’ve pled them.”
On appeal, Knox urges the trial court erred in granting summary judgment for failing to consider the facts contained in appellant’s material in the light most favorable to the party opposing the motion.
Louisiana Code of Civil Procedure Article 966 states that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. See also Mashburn v. Collin, 355 So.2d 879 (La.1977), in which the court continued:
The party moving for summary judgment has the burden of showing the absence of a genuine issue as to any material fact. And where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion.
Since defendants filed nothing to oppose plaintiff’s petition or his affidavits, there exists a question of material fact as to whether or not the defendants knew of the defects alleged by the plaintiff which must be decided in order to resolve the issue of “intent.” This question is not resolved by any pleadings, admissions, depositions, or any documents in the record before us at this time. We agree with the Third Circuit in their able summation of the relevant jurisprudence with reference to summary judgment on evidence which seeks to establish such subjective facts as motive or intent:
*718 Papers supporting the position of the party moving for summary judgment are to be closely scrutinized, while the opposing papers are to be indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). A summary judgment is not appropriate when it is based upon affidavits and accompanying pleadings and other documentary evidence to establish subjective facts such as motive, intent, good faith or knowledge. Mecom v. Mobil Oil Corp., 299 So.2d 380 (La.App. 3rd Cir.1974), Fontenot v. Aetna Insurance Co., 225 So.2d 648 (La.App. 3rd Cir.1969). Only when reasonable minds must inevitably concur is a summary judgment warranted and any doubts should be resolved in favor of a trial on the merits. Cates v. Beauregard Elect. Coop. Inc., 328 So.2d 367 (La.1976); Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Clement v. Taylor, 382 So.2d 231 (La.App. 3rd Cir.1980). Nor is summary judgment appropriate as a vehicle for the disposition of a case, the ultimate decision in which will be based on opinion evidence or the judicial determination of subjective facts. Butler v. Travelers Ins. Co., 233 So.2d 271 (La. App. 1st Cir.1970); Smith v. Preferred Risk Mutual Ins. Co., 185 So.2d 857 (La.App. 3rd Cir.1966). Ortego v. Ortego, 425 So.2d 1292 (La.App. 3 Cir.1982).
This Court has previously addressed the question of intent with regard to summary judgments in actions by employees against certain executive officers in Williams v. Ingredient Technology Corp., 470 So.2d 283 (La.App. 5 Cir.1985). In Williams, an employee charged that his supervisor was aware that placement of a steam exhaust pipe would present an unreasonable risk of harm to employees in the company driveway, that the supervisor ordered the pipe placed anyway, and that the employee, Williams, was subsequently injured. In reversing a summary judgment in favor of the defendant, we found that there were unresolved issues of material fact regarding the employer’s knowledge and belief that injury was substantially certain to result from his actions. In discussing intent in such cases, we stated:
The rule of Bazley v. Tortorich, 397 So.2d 475 (La.1981), so frequently cited, is that intent under R.S. 23:1032, means that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did.
Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result. Restatement (Second) of Torts, § 8A, Comment; Prosser, supra, § 8. Bazley, supra
The difference between “mere knowledge” and substantial certainty is crucial in these cases. For example:
... the mere knowledge and appreciation of a risk, short of substantial certainty, is not the equivalent of intent. The defendant who acts in the belief or consciousness that he is causing an appreciable risk of harm to another may be negligent, and if the risk is great his conduct may be characterized as reckless or wanton, but it is not classed as an intentional wrong. In such cases the distinction between intent and negligence obviously is a matter of degree. Apparently the line has been drawn by the courts at the point where the known danger ceased to be only a foreseeable risk which a reasonable man would avoid, and becomes a substantial certainty, [emphasis supplied] Prosser, supra.
If the distinction between knowledge and intent is a matter of degree, we find there are not enough facts before the court to permit the disposition of this case by summary judgment. What Mire did or did not know, including knowledge of the actual frequency of the employees in the forklifts in the area, and the frequency with which the steam pipe was vented, are some of the salient questions to be answered at a full trial to determine intent as explained hereinabove.
*719 See also McDonald v. Gonzales, 479 So.2d 9 (La.App. 5 Cir.1985) for the same resolution of the same question. Citing the Bazley definition of intent discussed above in Williams, we found that intent is not limited in such cases to a desire to cause the harm or malice:
Applying this [Bazley] definition of intent, the issue becomes — would a reasonable man in the defendant’s, Jameson’s, position be substantially certain that his act, i.e., ordering plaintiff to continue working after his complaints of dizziness, would result in plaintiff’s injury?
The petition does not merely use the word “intentional” and then allege a cause of action in negligence. Here the plaintiff has alleged facts, that if proven, would show the defendant was substantially certain that the resulting fall would follow. Defendant’s affidavit merely denies he intended to harm plaintiff. Here the pleadings, affidavits and interrogatories do not resolve the material issue of whether or not the defendant was substantially certain that the result would follow. This issue should be resolved at a trial on the merits.
We come to the same conclusion regarding the petition in the present case. The record before us simply does not resolve the question of defendants actual knowledge, nor of the actions taken by them in light of any such knowledge. Therefore, the issue as to whether they were substantially certain that plaintiff's injuries would occur remains an unknown factor in the inquiry regarding intent. Surely the facts alleged in plaintiff’s petition and buttressed by affidavits reiterating the same facts present a choice of reasonable inferences which must, under Mashburn, supra, be viewed in the light most favorable to plaintiff, particularly in view of no contrary evidence whatsoever being offered by defendants. There is simply not enough evidence before this court to determine the knowledge and subsequent actions of defendants in regard to intent or the lack thereof. Consequently, this must be fully developed at a trial on the merits.
We find that, under the applicable jurisprudence, defendants did not carry their burden of showing the absence of an issue of material fact. Therefore, the trial judge erred in granting summary judgment in favor of the defendants. Accordingly, we reverse that judgment and remand the case to the trial court for further proceedings. All costs of this appeal are assessed to the appellees.
REVERSED AND REMANDED.

. L.R.S. 23:1032. Exclusiveness of rights and remedies, employer’s liability to prosecution under other laws.
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.