GARRISON, Judge.
On January 8, 1980, the Oil, Chemical and Atomic Workers International Union and its Local 4-522 declared a strike by its members against the Tenneco Oil Company at its refinery in Chalmette, Louisiana. Violent actions began immediately with shots being fired, property being damaged, and persons being threatened and/or assaulted as they attempted to enter or exit the refinery. On the next day, Tenneco sought *36 injunctive relief in an attempt to stop this misconduct. A consent order drafted by both Tenneco and union officials which limited picketing activities and enjoined any further violations of the law was signed by a district court judge on the evening of January 9, 1980.
Because this consent order failed to end the violent misconduct of the striking union members, Tenneco requested further in-junctive relief on January 14, 1980. On January 17, 1980, after hearings were held in this matter, the district court judge rendered a more detailed and more strongly worded judgment which, among other things, limited the areas where picket lines would be permitted and ordered all other entrances to the refinery to be closed for the duration of the strike to everyone except capital construction personnel. Because of the increasingly hostile situation at Tenneco, the trial judge also specified that any weapons or instrumentalities that could be used to inflict bodily harm could not be carried or displayed. Furthermore, Tenneco was ordered to refrain from stationing more guards than picketers and from arming its guards.
On January 19, 1980, three Tenneco employees, John Hurst, Jr., Jerry Singletary and Jill Tagliavore, were erecting a barricade across one of the areas ordered closed by the trial judge. As they worked, Audrey Massey, a striking union member, drove by and shot and killed John Hurst. Hurst was employed by Tenneco as a maintenance department supervisor.
Plaintiffs, the widow and surviving children of Hurst, filed a wrongful death action against Tenneco Oil Company and three of its executive officers seeking recovery pursuant to LSA-R.S. 23:1032 for the alleged intentional acts of the defendants. Both parties filed motions for summary judgment in the trial court. The trial judge denied plaintiffs’ motion for summary judgment, granted defendants’ motion for summary judgment and dismissed plaintiffs’ suit against defendants. Plaintiffs now appeal this judgment.
LSA-R.S. 23:1032 is part of the chapter dealing with workers’ compensation laws and states as follows:
“The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word ‘principal’ shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
“Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
“The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury, in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.”
In his reasons for judgment, the trial judge stated that plaintiffs’ case did not qualify as an exception to the general rule of exclusivity of the workers’ compensation laws because plaintiffs failed in their burden of proving that decedent’s death was a result of intentional acts of the defendants. The judge used as his guideline the often-cited Louisiana Supreme Court case of Bazley v. Tortorich, 397 So.2d 475 (La.1981), which states that:
“[T]he meaning of ‘intent’ is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result *37 happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Thus, intent has reference to the consequences of an act rather than to the act itself.”
The trial judge concluded that the defendants neither desired Hurst’s death nor were substantially certain that his death would result from their actions.
Based on the record before us, we conclude that issues of material fact exist which preclude the granting of a summary judgment. It is extremely difficult to determine if an intentional tort was committed solely on the basis of pleadings, affidavits and depositions. Therefore, the trial court judgment is set aside and this case is remanded for a jury trial.
JUDGMENT SET ASIDE.
REMANDED FOR JURY TRIAL.
We grant rehearing in this case for the limited purpose of modifying the decree in our original opinion as follows.
Because neither party timely requested a jury trial in this case, our original order setting aside the trial court judgment and remanding this case for jury trial is modified to state: “Judgment Set Aside; Remanded for Trial”.
Rehearing is denied as to all other issues.