GARRISON, Judge.
On May 8, 1987, Melvin Davillier, Sr. was working at Baumer Foods, Inc. in New Orleans in the mustard production unit. On that date, he apparently descended a rope ladder into a tank used to manufacture yellow mustard allegedly to retrieve a plastic bag which had fallen into the tank. While in the tank, Davillier lost consciousness, possibly from the fumes emanating from the mustard mixture.
Shortly thereafter, George Fricke, III, the foreman in the mustard production *25 unit, was apprised of the situation concerning Davillier and immediately notified Roger Baumer, the plant superintendent. Bau-mer then allegedly attempted to go into the tank to rescue Davillier but, for some reason, Baumer stepped aside and Fricke went into the tank to attempt to rescue Davillier. Once Fricke was in the tank, he also lost consciousness at which time rescue units were called in from the New Orleans Fire Department and the two men were subsequently transferred to a hospital.
Melvin Davillier, Sr. never regained consciousness and died on October 9, 1988. George Fricke, III has never regained consciousness to this date.
Janet Fricke and George Fricke, Jr., as curators for George Fricke, III, and Darryl Fricke (wife of George Fricke, III), individually and as tutrix of the couple’s minor child, Glen Henry Fricke, filed suit for damages against various defendants including Baumer Foods, Inc., Roger Baumer, Alvin Baumer, Sr. and Alvin Baumer, Jr. Keith Davillier, as dative curator for Melvin Davillier, Sr., also filed suit for damages against various defendants including the four above-mentioned Baumer defendants. Subsequent to the death of Melvin Davillier, Sr., his heirs, Keith Davillier, Heath Davillier and Melvin Davillier, Jr. were substituted as parties plaintiff in this lawsuit. These three lawsuits were consolidated in the trial court.
Prior to trial, the Baumer defendants filed a motion for summary judgment against all of the plaintiffs alleging that plaintiffs case did not qualify as an exception to the general rule of exclusivity of the worker’s compensation laws because plaintiffs have failed to sufficiently allege that these four defendants intentionally caused the injuries to Fricke and Davillier or were substantially certain that these injuries would occur. The trial judge granted this motion for summary judgment without reasons and dismissed all of plaintiffs’ claims against Baumer Foods, Inc., Alvin Baumer, Sr., Alvin Baumer, Jr. and Roger Baumer. Plaintiffs now appeal that judgment. These four defendants answered the appeal.
On appeal, the plaintiffs/appellants argue that the trial judge erred in granting appellees’ motion for summary judgment because genuine issues of material fact still exist as to whether or not an intentional tort was committed in this case.
LSA-R.S. 23:1032 states as follows:
Exclusiveness of rights and remedies, employer’s liability to prosecution under other laws.
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word “principal” shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.
In Bazley v. Tortorich, 397 So.2d 475 (La.1981), the Louisiana Supreme Court defined an intentional tort as follows:
*26 “The meaning of ‘intent is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Thus, intent has reference to the consequences of an act rather than to the act itself.”
A review of the record in this case indicates that the question of whether or not an intentional tort was committed by the appellees cannot be resolved on the basis of the pleadings, affidavits and depositions in the record. Appellants have presented many allegations including the following:
1. that appellees knew or should have known of the potentially dangerous fumes created by mustard production;
2. that appellees failed to provide adequate ventilation in the mustard tanks;
3. that appellees’ company policy required employees to go into the mustard tanks to retrieve foreign objects;
4. that appellees provided a rope ladder for employees to descend the tank;
5. that appellees failed to provide employees with respiratory protection equipment when descending the tanks filled with allegedly noxious fumes;
6. that appellee Roger Baumer made the decision that George Fricke should enter the tank when Melvin Davillier was obviously unconscious.
These allegations create a reasonable question of fact on the issue of intentional tort and, for that reason, the granting of summary judgment in this matter was inappropriate. Because the evidence in this matter is insufficient to determine the knowledge and/or actions of defendants/appellees with regard to intent or the lack thereof, this issue must be fully developed at a trial on the merits. See Knox v. Pelias, 522 So.2d 715 (La.App. 5th Cir.1988); Hurst v. Massey, 533 So.2d 35 (La.App. 4th Cir.1988).
Therefore, the trial court judgment granting appellees’ motion for summary judgment is hereby reversed and this case is remanded for trial on the merits.
REVERSED AND REMANDED.