WICKER, Judge.
Verna Delone appeals a summary judgment which dismissed Schwegmann Giant Supermarkets, Inc. from this proceeding. The issue is whether or not Schwegmann, her employer, can be sued in tort for the intentional act of Delone’s co-employee, Richard Odom, an unserved co-defendant. We reverse and remand.
*1016 Delone and Odom were working in the delicatessen department of Schwegmann’s. Odom asked Delone to cover for him while he took a break, and she refused. Odom responded by kicking Delone in her back or “backside."
Delone sued Schwegmann and Odom, alleging Schwegmann’s liability for Odom’s tortious conduct. Schwegmann moved for a summary judgment on the grounds that Delone’s exclusive remedy against it is in worker’s compensation, citing La.R.S. 23:1032. Delone them amended her petition to allege that Odom not only intentionally kicked her but that he desired or was substantially certain of the consequences which followed his intentional act. The judge granted the motion without assigning reasons.
La.R.S. 23:1032 establishes worker’s compensation as an employee’s exclusive remedy against his or her employer for on-the-job injuries unless those injuries resulted from an intentional act. The Supreme Court has defined an intentional act as one in which the actor “either consciously desired the physical result of his act or knew that that result was substantially certain to follow from his conduct.” Fallo v. Tuboscope Inspection, 444 So.2d 621, 622 (La.1984), citing Bazley v. Tortorich, 397 So.2d 475 (La.1981). The burden of proving an intentional act is on the plaintiff. Fallo v. Tuboscope Inspection, supra.
Neither Delone nor Schwegmann presented anything other than their respective petitions, answers, and memoranda in support of and opposition to the summary judgment. La.C.Civ.P. art. 966 mandates a summary judgment where “there is no genuine issue as to material fact, and ... mover is entitled to judgment as a matter of law.” Summary judgment is rarely appropriate for determining subjective facts such as intent. Penalber v. Blount, 550 So.2d 577 (La.1989); Knox v. Pelias, 522 So.2d 715 (La.App. 5th Cir.1988). Delone has clearly alleged an intentional injury by her co-worker: that he kicked her on her back, that the kick was intentional, that he desired the consequences or believed that these consequences were substantially certain to follow this act, that she was injured by the kick, and that she and Odom were in course of their employment with Schweg-mann.
The instant case closely resembles Jones v. Thomas, 426 So.2d 609 (La.1983), which answered in the affirmative the issue posed here. Jones’ co-employee struck him in the head during working hours, causing the injuries which formed the basis of his suit. In reversing both the trial and appellate courts, the Supreme Court held at 612:
Except for the provisions of the compensation act at issue in this litigation, an employer is vicariously liable under general tort law for the injury-causing acts of an employee, whether the acts are negligent or intentional.... Thus, the 1976 amendment which granted general tort immunity from liability, but further provided that nothing shall affect the civil liability of the employer or coem-ployee resulting from an intentional act, can very reasonably be interpreted as excepting from general immunity any liability of the employer for an intentional act, whether personal or vicarious.[5] Moreover, an employer’s absolute liability (whether personal or vicarious) for intentionally inflicted injuries could be considered as a possible legislative tradeoff for absolute immunity for negligently inflicted injuries.
Finally, the interpretation advocated by the plaintiff (that only nonintentionally injured employees are relegated to compensation benefits) would also provide clarity and consistency. If the injury is caused accidentally, whether by the employer or by a coemployee, then the injured employee can sue only for compensation benefits; but if the injury is caused intentionally, whether by the employer or by a coemployee, then the injured employee can sue in tort.
We conclude that since the first paragraph of La.R.S. 23:1032 provides clearly a rule of general tort immunity under which liability for all nonintentional acts falls within the purview of the compensation act, the second paragraph of the statute should be interpreted to exclude *1017 all intentional acts from the general immunity. We further conclude that application of general tort law may make the employer vicariously liable for the intentional acts of the injured employee’s coemployee.
See also Caudle v. Betts, 512 So.2d 389 (La.1987). Although La.R.S. 23:1032 has been amended since Jones v. Thomas, supra, was rendered, the crucial language concerning liability for intentional acts remains unchanged. We conclude that the above holding remains controlling.
Delone’s pleading raises factual issues, whether Odom’s act was intentional and within the course and scope of his employment, which were not rebutted sufficiently by Schwegmann’s general denial. See Knox v. Pelias, supra; McDonald v. Gonzales, 479 So.2d 9 (La.App. 5th Cir.1985). Consequently, the motion for summary judgment was improperly granted and must be reversed and the case remanded to the trial court. Schwegmann Giant Supermarket, Inc. must pay the costs of this appeal.
REVERSED AND REMANDED.

 On the other hand, the amendment could be construed as leaving intact the employer’s tort immunity from vicarious liability which existed before the amendment.